## No. 26680

## The People of the State of Colorado v. David Smith

(536 P.2d 820)

Decided June 16, 1975.                          Rehearing denied July 7, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, Janet Lee Miller, Assistant, for plaintiff-appellee.

Peter H. Ney, P.C., for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

■ We are called upon in this appeal to determine the constitutional validity of Crim. P. 35(a), insofar as it permits a trial court, upon motion, to reduce a sentence within 120 days after sentence is imposed by the court. The district court denied appellant's motion to reduce sentence on the basis of our pronouncement in *People v. Herrera*, 183 Colo. 155, 516 P.2d 626. There, we held that after finality had attached to a conviction relief from a sentence validly imposed could not be obtained through the judiciary but rather must be had through the Executive Department by way of commutation. We do not agree with the district court and therefore reverse.

Appellant was convicted on his plea of guilty to dispensing narcotic drugs in violation of C.R.S. 1963, 48-5-2.[1] The penalty for this offense is imprisonment in the state penitentiary for not less than two nor more than fifteen years for a first offense. Appellant was sentenced to a term of not less than three nor more than five years.[2]

Crim. P. 35(a) provides as follows:

"*Correction of Illegal Sentence*. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the appellate court denying review, or having the effect of upholding a judgment of conviction. The court may not reduce a sentence reviewed by an appellate court pursuant to C.A.R. 4(c) except as ordered by the reviewing court. The court may also reduce a sentence upon revocation of probation as provided by law.***"

■ We hold that Crim. P. 35(a) is a valid procedural rule promulgated pursuant to the rule-making power of this court under Section 21, Article VI of the Constitution of Colorado, and that it does not encroach upon the Governor's exclusive power of commutation under Section 7, Article IV of our constitution. The rule suspends the finality of the conviction for a period of 120 days from the time sentence is imposed, or for 120 days after final disposition on appeal, to allow the filing of a motion for reduction of sentence in the trial court.

Thus, as the rule suspends the concept of finality of a criminal judgment of conviction, the rule does not offend the separation of powers doctrine under Article III of the constitution, nor the Executive power of commutation. The court retains jurisdiction during the 120-day period for filing of a motion for reduction of sentence. It, therefore, in no way abro-

---

[1] Now section 12-22-302, C.R.S. 1973.
[2] Appellant was not eligible to seek appellate review of his sentence, inasmuch as the minimum term imposed was not more than three years greater than the minimum sentence provided for the offense of which he was convicted. Section 18-1-409(2), C.R.S. 1973.

gates the doctrine announced in *People v. Herrera, supra.*

We consider Crim. P. 35(a) as analogous to the procedural rules concerning motions for a new trial, or in the arrest of judgment, where the trial court is given the opportunity of reconsidering relevant matters affecting the just disposition of the cause before it. The rule allows the courts to reconsider in the interest of justice the sentence previously imposed, in the light of all relevant and material factors in the particular case which may or may not have been initially considered by the court and, in its sound discretion, to resentence the defendant to a lesser term within the statutory limits.

It is the expectation that this rule will aid in minimizing aberrations in sentencing and will contribute to the imposition of more consistently uniform sentences for those convicted of like crimes.

The judgment is reversed and the cause remanded with directions to grant appellant a hearing on the merits of his motion.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.