**No. 28427**

**The People of the State of Colorado v. Ray A. Morrow**

(591 P.2d 1026)

Decided March 12, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Susan P. Mele-Sernovitz, Assistant, for plaintiff-appellee.

Erickson & Quigley, P.C., R. Neil Quigley, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an appeal from an adverse ruling of appellant's motion for relief under Crim. P. 35(a). We reverse.

Appellant, Ray Allen Morrow, was initially charged by information with two counts of second-degree sexual assault, two counts of aggravated incest, and three counts of sexual assault on a child, in violation of section 18-3-403(1)(f), section 18-6-302, and section 18-3-405, C.R.S. 1973 (1978 Repl. Vol. 8).

After plea bargaining, an eighth count (attempt to commit sexual assault in the second degree, sections 18-2-101 and 18-3-403(1)(f), C.R.S. 1973 (1978 Repl. Vol. 8)) was added to the information. The district court accepted appellant's nolo contendere plea to the eighth count and the original seven counts were dismissed upon motion of the district attorney.

Appellant had no prior convictions and the court placed him on probation for two years. As conditions of probation, the court ordered that appellant continue with his psychiatric counseling, and that, as authorized by section 16-11-202, C.R.S. 1973 (now in 1978 Repl. Vol. 8), he serve a ninety-day jail sentence in the county jail prior to his release on probation.

A request for review and modification of the sentence was made by motion under Crim. P. 35(a), urging that the court permit appellant to serve his ninety-day jail sentence on a work-release program.

The basis of this motion, which was supported by undisputed evidence, was that appellant was the proprietor of a small machine shop, the operation of which was solely dependent upon his knowledge, skill and continuous control and supervision. Although the business was heavily indebted for capital costs, it had been steadily improving profit-wise and was a going concern. The machine shop was the sole support of appellant and his dependents. If appellant was continuously confined for ninety days in jail, the business would necessarily collapse; appellant would be forced into bankruptcy; his three employees would be without jobs; and his dependent daughters (who were the victims of his alleged sexual assault and who had been placed in the custody of the Department of Social Services) would be

without any support except public welfare.

Expert testimony supported the conclusion that appellant's program of rehabilitation through psychiatric therapy would be substantially impaired and that the loss of his business would probably lead to an emotional collapse and might result in suicide. The opinion also was expressed that the victim-daughters, who had been separated from and were effectively protected from appellant, strongly supported his placement on a work-release program.

Significantly, the district attorney presented no evidence in opposition to the Crim. P. 35(a) motion and affirmatively supported appellant's request for the work-release program, stating:

"* * * I think what we have to do now is consider society's interest and community's interest, and the defendant's interest, and try to strike a balance as to what can be done to assist all of these people. The girls are now getting treatment through the Department of Social Services to overcome the emotional shock of what they have experienced. The defendant is getting therapy to overcome his emotional problems with regard to the activity. And I think it is important to note Dr. Jeffer's predictions as to the possibilities of loss of a business being precipitating factor toward suicide. It has been my experience that suicide is also a factor in such cases, and luckily to this point we have prevented that.

"I don't think in this case we are going to have any more incestuous conduct, and I only hope that we can prevent any suicidal conduct. We concur in their request for work-release program."

On appeal, the attorney general asserts that under the circumstances of this case society will not benefit from defendant's being place in jail without work-release, and will indirectly suffer detriment if that occurs because of the dire emotional and financial consequences that will result from a denial of the program.

■ In *Spann v. People,* 193 Colo. 53, 561 P.2d 1268 (1977), we stated that

"* * * The court has an affirmative obligation to exercise judicial discretion in deciding whether to modify the sentence previously imposed and to base the decision on relevant evidence, not personal whim."

■ Here, the entire evidence favored the work-release program. Nothing was offered to militate against it. We agree with appellant that under the circumstances the court's denial of the work-release program was not based on the evidence before the court and was thus arbitrary and capricious. In our view, the court placed undue emphasis on the offensive nature of the crime involved and the punishment aspects of the sentencing process. The court, being aware that appellant had no history of prior criminal activity and that he had led an otherwise law-abiding life, properly determined that probation was an appropriate disposition in view of the probability of complete rehabilitation of the appellant. The court,

however, failed to heed the undisputed evidence of the probable destructive consequences of the ninety-day jail sentence, not only to appellant but to his dependent daughters. We therefore conclude that the court abused its discretion under these circumstances.

The judgment is reversed and the cause remanded with directions to vacate the order denying appellant's motion under Crim. P. 35(a) and to order that appellant be permitted to serve the ninety-day jail sentence on a work-release program.