**No. 79SC91**

**Kerry Doyle Mikkleson v. The People of the State of Colorado**

(618 P.2d 1101)

Decided March 17, 1980.     Opinion modified and as modified rehearing denied April 21, 1980.

320

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Timothy A. Patalan, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Sarah Scott Sammons, Assistant Attorney General, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

In *People v. Mikkleson,* 42 Colo. App. 77, 593 P.2d 975 (1979), the Colorado Court of Appeals affirmed the trial court's denial of Petitioner Mikkleson's Crim. P. 35(a) motion to reduce his sentence for first-degree sexual assault. We granted certiorari to review the jurisdictional issue regarding the right to appeal a district court's denial of a defendant's 35(a) motion.

After the petitioner pled guilty to the charge of first-degree sexual assault, he was sentenced to a term which was within the maximum and the minimum sentence in effect at the time of the commission of this crime. *See* section 18-1-105(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8). The petitioner did not seek to file a direct appeal of his conviction or sentence. He did, however, subsequently request a reduction of sentence in a 35(a) motion. At the trial court hearing, the petitioner presented evidence which he contends would justify the reduction of the sentence. After a thorough consideration of this information, the trial court denied the petitioner's 35(a) motion. An appeal of this denial was taken to the court of appeals, where the petitioner challenged the propriety of his sentence in light of the nature of the offense, the character of the offender, and the public interest.

The court of appeals found that there was no abuse of discretion in the trial court's ruling and on this basis affirmed the ruling. Judge Kelly filed a specially concurring opinion, which expressed the view that the

appeal should be dismissed because the court of appeals had no jurisdiction to review the trial court's denial of the 35(a) motion. We agree. The jurisdictional issue involved here was resolved in *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980). We held therein that neither the court of appeals nor this court has jurisdiction to review the propriety of a sentence except on direct appeal from the initial sentence and then only under the limitations established in section 18-1-409, C.R.S. 1973 (now in 1978 Repl. Vol. 8) and C.A.R. 4(c)(1). *Malacara, supra,* also specifically holds that district court denials of 35(a) motions which are appealable are within the appellate jurisdiction of the court of appeals.

The petitioner here seeks review of the propriety of his sentence by alleging that the trial court abused its discretion in not reducing his sentence. Implicit in a Crim. P. 35(a) proceeding is the duty of the trial court to use its discretion when considering the defendant's motion. This requires, at a minimum, that the trial court consider all relevant and material factors which may affect the decision on whether to reduce the original sentence. *See People v. Smith,* 189 Colo. 50, 536 P.2d 820 (1975). It is only in such situations as *Spann v. People,* 193 Colo. 53, 561 P.2d 1268 (1977) and *People v. Morrow,* 197 Colo. 244, 591 P.2d 1026 (1979), where the trial court has refused to consider *any* information in mitigation and did not make findings in support of its decision, that the error is sufficient to invoke appellate jurisdiction. This total failure to exercise any discretion at all, *see People v. Spann,* 37 Colo. App. 152, 549 P.2d 427, 429 (1975) (Kelly, J., dissenting), in effect renders the proceeding itself defective, and an appeal therefrom directly raises the issue of the propriety of that proceeding. The propriety of the proceeding is reviewable on appeal from a denial of a 35(a) motion. *Malacara, supra.*

The cause is remanded to the court of appeals for the entry of an order dismissing the appeal.

JUSTICE GROVES and JUSTICE LEE do not participate.