The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Walter T. BRIDGES, Defendant-Appellee.

No. 82SA105.

Supreme Court of Colorado,
En Banc.

April 18, 1983.

Rehearing Denied May 9, 1983.

Robert L. Russel, Dist. Atty., David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellee.

LOHR, Justice.

In this appeal the People challenge a ruling of the district court reducing the defendant's sentence for first degree sexual assault pursuant to a motion under Crim.P. 35(b).[1] We conclude that the sentence reduction was within the trial court's discretion and affirm the amended judgment reflecting the reduced sentence.

A summary of the proceedings leading up to the defendant's resentencing is necessary to an understanding of the issues in this case. As the result of a jury trial in El Paso County District Court, the defendant, Walter Tyler Bridges, was convicted of first degree kidnapping,[2] first degree sexual assault,[3] and robbery.[4] The charges were based on events that took place on the evening of October 1, 1976, in Colorado Springs. The victim, a schoolteacher, left work at her school and was attacked by Bridges as she approached her car. The defendant knocked the victim down, dragged her back to the schoolyard, took her wallet, repeatedly hit her head against a retaining wall, and sexually assaulted her. The police then arrived, and Bridges ran. The victim suffered multiple bruises and abrasions and was hospitalized for four days for a possible concussion.

The presentence report contained information that the defendant had a number of earlier encounters with the police. That report also reflected the opinions of police and probation officers that the defendant was incorrigible. The trial court sentenced Bridges to life imprisonment for kidnapping, thirty-four to thirty-eight years imprisonment for sexual assault, and nine to ten years for robbery, the sentences to run concurrently. Bridges appealed his convictions to this court but did not challenge the sentences in that appeal. We reversed the first degree kidnapping conviction and affirmed the first degree sexual assault and robbery convictions. *People v. Bridges,* 199 Colo. 520, 612 P.2d 1110 (1980).

---

1. Crim.P. 35(b) provides, in pertinent part:

   The court may reduce the sentence provided that a motion for reduction of sentence is filed ... (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, ....

   Prior to amendment of Crim.P. 35, effective November 13, 1979, this provision was part of Crim.P. 35(a). For convenience, in this opinion we refer to this authority as Crim.P. 35(b) without regard to whether the time in question was before or after the amendment took effect.

2. Section 18–3–301, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 18–3–402, C.R.S.1973 (1978 Repl.Vol. 8).

4. Section 18–4–301, C.R.S.1973 (1978 Repl.Vol. 8).

Thereafter, within the time allowed by Crim.P. 35(b), Bridges filed a motion for reconsideration of his sentence. One year later, before that motion was heard, the defendant filed a "Supplemental Motion for Reduction of Sentence Pursuant to Crim.P. 35(b) and (c)." In the latter motion, the defendant noted that his conviction for the class four felony of engaging in a riot, arising out of an incident in 1976 preceding the assault on the schoolteacher, had been reversed by this court after his sentencing in the present case. *See People v. Bridges,* 620 P.2d 1 (Colo.1980). That reversal left intact Bridges' conviction for menacing, a class five felony,[5] based on the same occurrence. The supplemental motion also called to the trial court's attention that a new and less severe legislative sentencing scheme had taken effect after Bridges' conviction and that, although Bridges "might not be entitled to the benefit of this change in the law as a matter of law," he should be accorded relief reflecting the legislative changes "as a matter of fairness and good conscience." The supplemental motion further characterized the presentence report as "an entirely one-sided document," emphasized the defendant's youth,[6] background, and difficulties experienced in prison, and requested that the minimum term of Bridges' sentence be reduced, suggesting a twelve to sixteen year minimum as appropriate.

The motion and supplemental motion were considered by a different judge than the one who presided at trial. After obtaining a supplemental presentence report and conducting a hearing, the trial court reduced Bridges' sentence for first degree sexual assault to not less than sixteen nor more than eighteen years and entered an amended judgment accordingly. The People appeal the amended judgment, contending that in reducing the sentence the trial court "abused its discretion by acting arbitrarily, capriciously, and without authority, rendering its sentence illegal and void." The People set forth the grounds for appeal

more specifically in their brief. They urge first that the resentencing was an unlawful reduction of sentence under Crim.P. 35(c) and second that the trial court abused its discretion in three respects: (1) by using the new sentencing legislation as a guideline, (2) by considering the defendant's progress in prison, and (3) by failing to take into account other relevant factors in granting the motion for sentence reduction. The prosecution also contends that the trial court's findings in support of the sentence reduction were inadequate, and seeks a remand to the trial court for appropriate findings. In his brief in this court, the defendant counters by arguing that the district attorney is not authorized to appeal an order reducing a sentence under Crim.P. 35(b), that the court did not act under Crim.P. 35(c) in reducing the sentence, and that the trial court acted properly in resentencing Bridges.

We first address whether the resentencing determination is appealable and then review the appropriateness of the trial court's reduction of the defendant's sentence under Crim.P. 35(b) and the adequacy of its findings in support of that relief.

## I.

The People bring this appeal under section 16–12–102, C.R.S. 1973 (1978 Repl.Vol. 8), which provides, in pertinent part:

The prosecution may appeal any decision of the trial court in a criminal case upon any question of law.

In support of its position that the reduction of the defendant's sentence involves questions of law, the prosecution advances alternative arguments based principally on the trial court's reliance on section 18–1–105, C.R.S. 1973 (1978 Repl.Vol. 8) (1982 Supp.) (the "presumptive sentencing law") which became effective on July 1, 1979, after the defendant committed the crimes in this case. We consider these arguments in turn.

---

**5.** Section 18–3–206, C.R.S.1973 (1978 Repl.Vol. 8).

**6.** The defendant was twenty years old when he committed the sexual assault and robbery.

### A.

The People contend first that the trial court "did not have jurisdiction" to reduce the defendant's sentence under Crim.P. 35(c)(1)[7] because that provision allows retroactive application of subsequently enacted laws only when the defendant has filed his Crim.P. 35 motion before the judgment of conviction is affirmed on appeal. This argument assumes that the trial court gave retroactive effect to the presumptive sentencing law. The record discloses, however, that the trial court did not expressly or impliedly resentence the defendant under the new law, so the prosecution's argument lacks a factual basis.

Under the laws in effect at the time the defendant originally was sentenced, the court was required to set a maximum term of no more than forty years and a minimum term of no less than five years for first degree sexual assault, a class three felony as charged here. Sections 18–3–402, 18–1–105, C.R.S. 1973 (1978 Repl.Vol. 8). Under the presumptive sentencing law, maximum and minimum terms are no longer to be employed. Instead, a determinate sentence is prescribed within statutorily authorized ranges. For a class three felony the presumptive range is four years to eight years, plus one year of parole. Section 18–1–105, C.R.S. 1973 (1978 Repl.Vol. 8) (1982 Supp.). If extraordinary aggravating circumstances are present the maximum sentence is sixteen years, plus one year of parole. Section 18–1–105(6), C.R.S. 1973 (1978 Repl.Vol. 8) (1982 Supp.). Here, the reduced sentence imposed by the trial court was "not less than 16 nor more than 18 years." The setting of a maximum and a minimum term, and the fixing of the maximum in excess of the limit that could be imposed under the presumptive sentencing law, reflect that the court did not purport to apply the new law retroactively. The trial judge expressly recognized that he was not bound by law to resentence the defendant under the presumptive sentencing law and stated that he would use it only as a guideline, along with other considerations, in the interest of fairness. Accordingly, the record provides no factual support for the prosecution's contention that the trial court committed legal error by applying the presumptive sentencing law retroactively.

### B.

Alternatively, the district attorney claims that the trial court improperly considered the presumptive sentencing law and the defendant's conduct in prison as factors in evaluating the Crim.P. 35(b) motion for reduction of sentence, and that the trial court gave no consideration to the aggravated nature of the crimes for which the defendant was convicted. On their face, these claims are questions of law implicating the propriety of the proceeding itself and we proceed to resolve them on their merits. *Cf. Mikkleson v. People,* 199 Colo. 319, 321, 618 P.2d 1101, 1102 (Colo.1980) (while a defendant cannot obtain appellate review of the trial court's exercise of discretion in denying resentencing under Crim.P. 35(b), "where the trial court has refused to consider *any* information in mitigation and did not make findings in support of its decision, ... the error is sufficient to invoke appellate jurisdiction" because such defects implicate the propriety of the proceeding itself under *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980)).

### II.

Addressing the prosecution's arguments on their merits, we conclude from a review of the record that the trial judge took into account all relevant factors in reducing the defendant's sentence, and that it was proper for the judge to consider the

---

7. Crim.P. 35(c) provides, in relevant part:

(1) If, prior to filing for relief pursuant to this paragraph (1), a person has sought appeal of a conviction within the time prescribed therefor and if judgment on that conviction has not then been affirmed upon appeal, that person may file an application for postconviction review upon the ground that there has been a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard.

presumptive sentencing law and the defendant's conduct in prison in ruling on the Crim.P. 35(b) motion.

In announcing the sentence reduction the trial judge stated that he had considered "the reports, the evidence, the testimony, the various reversals of convictions and the new Sentencing Act, . . . ." The trial court cited as "the two important things" in his resentencing determination that the defendant was making progress in prison toward improving his attitude and should be given "a little incentive" to continue that favorable course, and that had the presumptive sentencing law been applicable, the defendant's sentence could not have exceeded sixteen years. The judge said,

> I'm going to use [the new statutory maximum sentence] as a guideline. . . . The initial sentence was toward the maximum end, and for that reason I am going to grant a reduction in your sentence, but I'm going to make the minimum term . . . what the new maximum term could have been, so that . . . 16 to 18 years will be your sentence on the class three felony.

The presentence reports, which the judge expressly stated to have been part of the material considered by him in his sentencing decision, describe the aggravated nature of the crimes in graphic detail; set forth the police officers' and a deputy district attorney's characterization of the attack on the victim as "vicious" and "animalistic"; and reflect the opinion of a deputy district attorney, a police officer, and the probation officer that Bridges is beyond rehabilitation. The supplemental presentence report concerning post-conviction developments, however, relates educational achievements by the defendant while in prison and an improved and more cooperative attitude developed by him after a difficult initial period of adjustment to prison conditions. We believe that under the review standard allowing for consideration of "all relevant and material factors, including new evidence," the trial judge properly considered this evidence of the defendant's improved conduct while in prison. *See Spann v. Peo-*

*ple,* 193 Colo. 53, 55, 561 P.2d 1268, 1269 (1977). The record demonstrates that the judge reviewed material reflecting the heinous nature of the crime on the one hand and indications of progress by the defendant in rehabilitative efforts on the other. There is no basis in the background materials to which the trial court referred or in the sentence itself to support the prosecution's assertion that the trial court did not consider the nature of the offense, the character of the offender, or the public interest in safety and deterrence in arriving at the decision to reduce the defendant's sentence. *See* section 18–1–409(1), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Supp.).

The record leaves no room for doubt, however, that the court was influenced by the legislature's reduction of authorized sentences for crimes committed on or after July 1, 1979, in deciding to reduce the defendant's sentence substantially. Even with that reduction, the court imposed a maximum sentence two years greater than that permitted for a like crime, attended by extraordinary aggravating circumstances, under the presumptive sentencing law. Although that new law does not control the resentencing of the defendant, we think it was a factor appropriate for consideration by the court. *See People v. Cabral,* 629 P.2d 575 (Colo.1981). To require that a court be oblivious to the great reductions in authorized sentences under the presumptive sentencing law would not be consistent with the salutary goal of Crim.P. 35(b) to "contribute to the imposition of more consistently uniform sentences for those convicted of like crimes." *People v. Smith,* 189 Colo. 50, 52, 536 P.2d 820, 822 (1975).

### III.

■ Finally, the prosecution contends that the trial court failed to make specific findings supporting the sentence reduction and asks that we remand the case to require such findings. We agree that those same considerations that make it appropriate to support a sentence by a statement of the basic reasons for its imposition, *see People v. Watkins,* 200 Colo. 163, 613 P.2d 633

(1980), are applicable in ruling on a Crim.P. 35(b) motion to reduce the sentence. In this case, however, the trial court detailed the reasons underlying the sentence reduction. The court expressly referred to materials in the record that describe the defendant's character, his past record, and the very serious nature of the crimes committed. The court then stated that the defendant's progress in rehabilitation, the desirability of giving him an incentive to continue that progress, and the legislative adoption of a new and less severe sentencing scheme provided the bases for reduction of the sentence. We conclude that the court's statement of reasons for the sentence reduction was adequately detailed.

We affirm the judgment of the trial court.