The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Gerald BUSCH, a/k/a Gary Bush, Defendant–Appellant.

No. 91CA0474.

Colorado Court of Appeals, Div. II.

March 12, 1992.

Rehearing Denied April 9, 1992.

Certiorari Denied Aug. 31, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Gerald Busch, pro se.

Opinion by Judge HUME.

Defendant, Gerald Busch, appeals from the order denying his motion for reduction of sentence brought pursuant to Crim.P. 35(b). We affirm.

Pursuant to a plea agreement, defendant entered a guilty plea to second degree sexual assault, in exchange for dismissal of two counts of first degree sexual assault,

two counts of first degree kidnapping, and two counts of violent crime.

At the sentencing hearing, defendant requested probation. In support of his request, defendant submitted letters of reference detailing his background and character, his feelings of remorse, and his potential for rehabilitation. Furthermore, both defendant and his father testified.

The record reflects that the trial court considered the proffered evidence but nevertheless denied defendant's request for probation and sentenced him to a term of eight years in the Department of Corrections. In making its ruling, the trial court noted that defendant does have much support from his family but also noted that "sex offenders tend to have problems with recidivism." The court went on to find that defendant was on parole for sexual assault when he committed this offense, and therefore, it viewed probation as being inappropriate.

Subsequently, the defendant filed, *pro se*, a timely Crim.P. 35(b) motion for reconsideration of his sentence, again requesting probation. The trial court refused to reduce the sentence or to grant probation. In making its ruling, the court did not hold a hearing and made no written findings with respect to defendant's motion.

Defendant contends the court erred by failing to evaluate the motion thoroughly, to consider evidence in mitigation, and to make findings. We disagree.

■ Initially, to the extent the defendant's claims pertain to the propriety of the eight-year sentence imposed, we decline to address them. There is no right of appeal as to a trial court's denial of a motion for reduction of sentence under Crim.P. 35 when the issue presented to and resolved by the court concerns the propriety of the sentence. *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980).

Crim.P. 35(b), unlike Crim.P. 35(c), does not contain any specific provision requiring the court to make findings of fact when ruling on a motion under that subsection. However, our Supreme Court has held that the same considerations that make it appro-

priate to support a sentence by a statement of the basic reasons for its imposition are applicable when a court is ruling on a Crim.P. 35(b) motion to reduce the sentence. *People v. Bridges*, 662 P.2d 161 (Colo.1983).

■ In passing upon such a Crim.P. 35(b) motion, the trial court has a duty to exercise its judicial discretion. *Mikkleson v. People*, 199 Colo. 319, 618 P.2d 1101 (1980). This requires the trial court to consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was pronounced. *Spann v. People*, 193 Colo. 53, 561 P.2d 1268 (1977).

Only if the trial court has refused to consider *any* information in mitigation and fails to make findings in support of its decision is there a failure by the trial court to exercise its judicial discretion. *Mikkleson v. People, supra.*

■ Here, defendant's Crim.P. 35(b) motion merely iterated the information that was before the court at the original sentencing hearing. The only new information submitted was a letter from a psychiatrist stating that there were "a number of qualified clinicians who would provide services to defendant and his family" and two letters from previous employers stating they would consider rehiring defendant.

Because the evidence in support of defendant's Crim.P. 35(b) motion was nearly identical to that presented at the sentencing hearing, we conclude that the trial court did consider all relevant evidence and that the findings it made at the sentencing hearing were sufficient to support its later exercise of discretion in denying defendant's motion. Hence, there was no abuse of discretion, and the court's denial of the Crim.P. 35(b) motion will not be reversed. *See People v. Sundstrom*, 638 P.2d 831 (Colo.App.1981).

Order affirmed.

SMITH, J., concurs.

NEY, J., dissents.

JUDGE NEY, dissenting.

I dissent because I believe the opinion of the majority is contrary to the holding of *People v. Bridges*, 662 P.2d 161 (Colo.1983).

*People v. Bridges, supra,* requires that the fact finding requirements in support of a sentence are applicable to a ruling on a Crim.P. 35(b) motion. Here, the record reveals no findings supporting the denial of defendant's motion. I do not agree that this court should articulate the fact finding to support the denial of defendant's motion. I would, therefore, set aside the trial court's order denying defendant's motion and remand to the trial court for findings and the entry of an appropriate order.