William MAMULA, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 91SC801.

Supreme Court of Colorado,
En Banc.

March 8, 1993.

David F. Vela, Colorado State Public Defender, Patrick J. Mulligan, Deputy State Public Defender, Golden, for petitioner.

Donald E. Mielke, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for respondent.

H. Patrick Furman, Boulder, Thomas Cross, Denver, for amicus curiae Colorado Bar Ass'n.

Chief Justice ROVIRA delivered the Opinion of the Court.

We granted certiorari to consider the court of appeals opinion in *People v. Mamula*, No. 90CA2013 (Colo.App. Sept. 12, 1991) (not selected for official publication), holding that petitioner abandoned his reduction of sentence motion pursuant to Crim.P. 35(b) as a matter of law by failing to pursue it in a timely manner. We affirm.

## I

Petitioner was charged with six felonies and one misdemeanor. On August 22, 1988, he pleaded guilty to three counts of second degree burglary, and the remaining charges were dismissed. Petitioner was originally sentenced to probation for two years. Shortly thereafter, the People filed a motion to correct an illegal sentence alleging that petitioner was ineligible for probation. On December 28, 1988, the district court resentenced petitioner to ten years and one day on each count of second degree burglary, each sentence to run concurrently.

Forty-seven days after petitioner was resentenced he filed a motion for reduction of sentence pursuant to Crim.P. 35(b). In his motion, petitioner requested that the district court "withhold judgment as to the propriety of granting a hearing and as to the final decision on [petitioner's] motion until such time as the [petitioner has] furnished the Court with documents in support of his motion."

On July 30, 1990, 532 days after petitioner filed his motion, he requested the court to rule on his motion. Almost three months later the district court heard petitioner's motion, about twenty months after the motion was filed—547 days after the expiration of the 120-day period following sentencing. At this hearing, the People contended that the district court lacked jurisdiction to consider petitioner's motion because he had abandoned the motion by failing to seek a ruling on it within a reasonable time. However, the trial court found that the delay was reasonable, and after considering the merits suspended the balance of petitioner's sentence. The trial court ruled:

> In this particular case, under these particular circumstances, the court finds that the delay was reasonable and that the defendant at his age should be granted a chance to show that he can utilize what he has learned in prison.

The court of appeals vacated the order suspending petitioner's sentence. *People v. Mamula*, No. 90CA2013 (Colo.App. Sept. 12, 1991). The court found that, although the petitioner's desire to demonstrate his rehabilitation to the trial court may be admirable,

> the fact remains that the practice followed here diverts a trial court from performing its legitimate function of reviewing a sentence to determine its fairness *based upon the purposes of the sentencing code* as set out in § 18–1–102.5, C.R.S. (1986 Repl.Vol. 8B), and it allows the court to usurp the functions of parole and commutation, which are reposed exclusively in the executive branch.

*Mamula*, No. 90CA2013, slip. op. at 2. The court held that petitioner had failed to pursue his motion in a timely fashion, thus

abandoning the motion as a matter of law. *Id.* at 2–3.

## II

Central to resolution of this case is whether petitioner abandoned his Crim.P. 35(b) motion by failing to exercise reasonable efforts to secure a timely ruling on his motion. Crim.P. 35(b) provides:

> The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

Petitioner argues that because a trial court's ruling on whether to grant or deny a motion for reduction of sentence is subject to an abuse of discretion standard, we cannot reverse or modify the trial court's decision absent a clear abuse of that discretion. *See People v. Fuller,* 791 P.2d 702, 708 (Colo.1990) (only in exceptional circumstances will an appellate court substitute its judgment for that of the trial court in sentencing matters); *People v. Watkins,* 684 P.2d 234, 239 (Colo.1984) (trial court's sentencing decision is not modifiable absent abuse of discretion). Petitioner contends that from this premise we must conclude that a trial court's decision on whether or not a delay in ruling on a Crim.P. 35(b) motion is reasonable is subject to an abuse of discretion standard. While we agree that the trial court is in the best position to determine the reasonableness of a period of delay in a Crim.P. 35(b) motion, we conclude that as a matter of law the trial court erred in not finding that petitioner abandoned his motion under the facts of this case.

In *People v. Fuqua,* 764 P.2d 56 (Colo.1988), we rejected the argument that a trial court loses jurisdiction to rule on a motion to reconsider after 120 days have passed since the imposition of sentence. However, this jurisdiction is not interminable:

> In the case of a timely filed motion for reduction, the extension of the sentencing court's jurisdiction to rule on a motion beyond the 120–day period is not interminable. It is the responsibility of the court to rule on the motion within a reasonable time after its filing.

*Id.* at 61 (footnote omitted). The burden of pursuing a rule 35(b) motion is on the defendant if the court fails to rule on the motion within a reasonable time:

> When the sentencing court fails to act on a timely filed motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. *In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned.*

*Id.* (Emphasis added.) *See id.* at 58. Although a "reasonable time" and "reasonable efforts" will vary with the circumstances of each individual case, they must be construed to effectuate the purposes underlying rule 35(b). No period of time can be reasonable where its purpose is contrary to the purposes and interests served by the rule. *See United States v. Taylor,* 768 F.2d 114, 118 (6th Cir.1985).

While rule 35(b) gives the trial court the opportunity to reexamine the propriety of the sentence imposed, it also adheres to the constitutional principle that only the executive department may modify a legally imposed criminal sentence after the conviction upon which it is based has become final. *See People v. Herrera,* 183 Colo. 155, 161–62, 516 P.2d 626, 628–29 (1973); *People v. Lyons,* 44 Colo.App. 126, 618 P.2d 673 (1980). However, as our prior cases make clear, reexamination of the sentence before it becomes final does not intrude into this area of executive power.

*See People v. Akins,* 662 P.2d 486, 487 (Colo.1983); *People v. Smith,* 189 Colo. 50, 51, 536 P.2d 820, 822 (1975). *See also Fuqua,* 764 P.2d at 60. Thus, when construing the rule, and the date a sentence becomes final, we must be mindful to assure that the district court's authority will not be misused as a substitute for the executive department's power of parole and commutation. Such a purpose cannot be served by permitting the trial court to hold a timely motion for reduction of sentence in abeyance for months or years while the defendant builds a record of conduct within the department of corrections. *See* 8A James W. Moore, *Moore's Federal Practice* ¶ 35.06[1] at 35–38 (2d ed. 1992). *See United States v. Krohn,* 700 F.2d 1033, 1037 (5th Cir.1983). The reasonable time contemplated by rule 35(b) is only that time reasonably necessary to decide the issue presented by the motion for reduction of sentence, not "a license to wait and reevaluate the sentencing decision in the light of subsequent developments." *Diggs v. United States,* 740 F.2d 239, 246–47 (3rd Cir. 1984).

 In reaching this conclusion, we do not suggest that a trial court may not consider events favorable or unfavorable about a defendant that occurred during the "reasonable" period subsequent to filing the motion when examining the merits of that motion—the trial judge is not "required to close his eyes to developments favorable to the movant's request...." *Taylor,* 768 F.2d at 118 n. 4. *See People v. Bridges,* 662 P.2d 161, 164–65 (Colo.1983) (in ruling on a Crim.P. 35(b) motion the trial judge may properly consider evidence of defendant's improved conduct while in prison). Nor is the trial court prohibited from taking a defendant's unfavorable conduct into account when ruling on a Crim.P. 35(b) motion. *See Mikkleson v. People,* 199 Colo. 319, 618 P.2d 1101, 1102 (1980) (all relevant and material facts to be considered); *Spann v. People,* 193 Colo. 53, 56, 561 P.2d 1268, 1269 (1977) (trial court may consider all relevant and material information presented in support of motion to reduce sentence). Nevertheless, the time to build a record of conduct with the department of corrections is not what Crim.P. 35(b) contemplates as a reasonable time.

 The only reason asserted by petitioner for his failure to pursue the motion was his desire to enter and complete programs at the department of corrections, and he justifies the period of delay in this case by the lack of rehabilitative programs in the correctional system. Not only did petitioner fail "to take reasonable efforts to secure an expeditious ruling on the motion," *Fuqua,* at 58, he intentionally requested the court *not* to rule on his motion until he could present evidence of rehabilitation which did not even exist at the time his motion was filed. The reasons put forth for the delay, are, as a matter of law, insufficient under *Fuqua* to sustain a finding that the delay was reasonable.

Accordingly, by failing to pursue his motion for reduction of sentence, petitioner abandoned his motion as a matter of law. The judgment of the court of appeals is affirmed.

KIRSHBAUM, J., dissents.

Justice KIRSHBAUM dissents.

The majority, as did the court of appeals, holds that under the circumstances of this case the trial court erred in not finding that the petitioner abandoned his Crim.P. 35(b) motion as a matter of law. Maj. op. at 1137. The trial court concluded that under the circumstances of this case its delay in ruling on the petitioner's Crim.P. 35(b) motion was reasonable. Because I find the trial court's ruling to be well within its discretion, and because the record precludes any conclusion, as a matter of fact or of law that the petitioner abandoned his Crim.P. 35(b) motion, I respectfully dissent.

It is undisputed that, well within the applicable time limits of Crim.P. 35(b), the petitioner filed a motion requesting the trial court to reduce his sentence and also requesting that court to delay its ruling on the motion until further documentary evidence in support thereof could be filed. Both requests were directed to the sound

discretion of the trial court; the court could have promptly denied both requests without a hearing.

The majority does not hold that by filing a request for a delay in the determination of his Crim.P. 35(b) motion the petitioner abandoned the motion. The majority does, however, suggest that such conduct contravenes the rule articulated in *People v. Fuqua*, 764 P.2d 56, 61 (Colo.1988), that a defendant who does not make a reasonable effort to obtain an expeditious ruling on a timely filed Crim.P. 35(b) motion will be deemed to have abandoned that motion. Here, however, the petitioner not only filed a motion for reduction of sentence, but in addition, requested a delay in the determination of such motion in order to obtain evidence relevant to that determination. We expressly noted in *Fuqua* that a reasonable delay to permit an informed judicial decision was appropriate, stating as follows:

> The basic purpose of Crim.P. 35(b) would be significantly frustrated if, in the case of a timely filed motion for reduction, the finality of the sentence were not further suspended for such reasonable time as necessary for the court to make an informed judicial decision on the motion. The suspension of the finality of sentence for such additional time as necessary for proper resolution of the motion assures reliability in the sentencing process without, however, abridging the principle that the executive department rather than the judiciary, has the sole authority to modify a legally imposed sentence after the sentence becomes final.

*Fuqua*, 764 P.2d at 60.

The petitioner desired to obtain relevant information to assist the trial court in making an informed decision. At the time he requested a delay of the determination of his Crim.P. 35(b) motion, the petitioner did not know whether the desired information would be acquired within or without the 120–day time period provided by the rule. Because the petitioner properly requested a reasonable delay to obtain relevant evidence, the initial inquiry is whether the lengthy time between the filing of his requests and the filing of his notice to set the hearing was unreasonable. The majority states that the delay was unreasonable because the basis for the request for such delay was "insufficient under *Fuqua*" as a matter of law. Maj. op. at 1138.

In *Fuqua*, we held that a trial court retains jurisdiction to rule on a timely filed Crim.P. 35(b) motion for "a reasonable period of time after its filing," even if such time exceeded the 120–day provision of the rule. *Fuqua*, 764 P.2d at 61. I do not agree that *Fuqua* commands the result reached by the majority here.

Crim.P. 35(b) permits courts to reconsider in the interests of justice a previously imposed sentence, taking into account factors which may or may not have been initially considered. *People v. Smith*, 189 Colo. 50, 52, 536 P.2d 820, 822 (1975) (construing the then applicable version of Crim.P. 35(a), which rule was substantially similar to Crim.P. 35(b)); *see also People v. Lyons*, 44 Colo.App. 126, 128, 618 P.2d 673, 675 (1980). Under Crim.P. 35(b), a court "has an affirmative obligation to exercise judicial discretion in deciding whether to modify the sentence previously imposed and to base the decision on relevant evidence, not personal whim." *Spann v. People*, 193 Colo. 53, 55, 561 P.2d 1268, 1269 (1977).

In ruling upon a defendant's Crim.P. 35(b) motion, a trial court must consider "all relevant and material factors which may affect the decision on whether to reduce the original sentence." *Mikkleson v. People*, 199 Colo. 319, 321, 618 P.2d 1101, 1102 (1980). In *People v. Morrow*, 197 Colo. 244, 246–47, 591 P.2d 1026, 1028 (1979), we noted that in sentence reconsideration proceedings relevant factors include the offensive nature of the crime involved, the prior criminal history of the defendant, and the consequences of a jail sentence on the defendant and the defendant's dependents. In *People v. Bridges*, 662 P.2d 161, 165–66 (Colo.1983), we also noted that a trial court may consider the desirability of giving the defendant an incentive to continue rehabilitative progress

while in prison, the defendant's conduct in prison, and the educational achievements by the defendant while in prison in exercising its discretion to reduce a sentence in a Crim.P. 35(b) proceeding. The ability to measure accurately a defendant's educational achievements while in prison takes time. Furthermore, as illustrated by the facts here, rehabilitation classes and educational programs often are not immediately available to an incarcerated defendant.

In this case the petitioner, while incarcerated, attempted to enroll in high school equivalency classes, an electronics course, a psychological drug and alcohol education group program, and a marriage and family psychology program. He also participated in a literacy tutor training program. The petitioner was placed on a waiting list to enter some of these classes, particularly the drug and alcohol program. The petitioner's progress or lack thereof in such programs constituted relevant evidence for the trial court's determination of the Crim.P. 35(b) motion. So long as rehabilitation remains a legislatively directed goal of sentencing, *see* § 18–1–102.5(1)(d), 8B C.R.S. (1986), it would seem appropriate to reward rather than punish incarcerated defendants who attempt to participate in rehabilitative programs offered by the Department of Corrections.

Contrary to the majority, I find the reason for the petitioner's request for a reasonable delay in determining his Crim.P. 35(b) motion to be quite sufficient. Immediately upon completing the drug and alcohol program, the petitioner set the motion for hearing. Had the petitioner completed such program and requested determination of his motion within 100 days of the filing of his request for delay, surely his reason for requesting the delay would not be deemed "insufficient."

The majority recognizes that in exercising judicial discretion to modify a previously imposed sentence a trial court does not usurp such executive powers as parole and commutation. Maj. op. at 1137. However, the majority then suggests that in view of the lengthy delay here this court cannot be assured that the trial court did not misuse its judicial authority as a substitute for such executive authority, and that a trial court that holds a timely filed Crim.P. 35(b) motion in abeyance "for months or years while the defendant builds a record of conduct within the department of corrections" misuses its judicial power. *Id.* While failure to act promptly on a motion to delay determination of a Crim.P. 35(b) motion might in some circumstances constitute an abuse of judicial discretion, I fail to see how a lapse in time can ever transform the trial court's exercise of authority into executive or quasi-executive action.

Finally, I cannot agree that the record in this case supports the conclusion that the petitioner abandoned his Crim.P. 35(b) motion. Abandonment requires the presence of an intent to abandon coupled with an act. *Hoff v. Girdler Corp.,* 104 Colo. 56, 59, 88 P.2d 100, 102 (1939). Whether the actor had the requisite intent is generally a question of fact. *Id.* at 59, 88 P.2d at 102.[1] In this case, the petitioner expressly indicated he had no intention of abandoning his motion by requesting at the outset that the court suspend any determination of the Crim.P. 35(b) motion until relevant evidence was accumulated. The undisputed facts of this case do not permit the conclusion that the petitioner abandoned his motion as a matter of law.

A further factor in resolving the central issue as framed by the majority—whether the petitioner abandoned his Crim.P. 35(b) motion—is the conduct of the trial court. The petitioner properly sought a judicial ruling that his determination of the motion be delayed to obtain relevant evidence. The prosecution did not file any objection to that request, and the trial court elected not to rule thereon. However, the trial court in effect granted the motion by ulti-

---

**1.** The term abandonment is most frequently associated with civil litigation. In criminal cases, a defendant's relinquishment of a right is generally described in terms of waiver. *See People v. Arguello,* 772 P.2d 87, 93 (Colo.1989); *King v.* *People,* 728 P.2d 1264, 1268 (Colo.1986) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), to the effect that a waiver is "an intentional relinquishment or abandonment of a known right or privilege").

mately conducting the hearing. The trial court apparently considered the delay beneficial as well as reasonable; it expressly granted the petitioner's request for reduction of sentence. These circumstances do not permit a conclusion that the petitioner abandoned his Crim.P. 35(b) motion as a matter of law.

As previously noted, incarcerated defendants should be encouraged to participate in rehabilitative programs. The majority suggests that the petitioner's efforts to do so were simply calculated to create a favorable impression with the trial court. However, the trial court did not make any such finding; to the contrary, it evidently found that the defendant's conduct while incarcerated constituted evidence favorable to the defendant's position.

I conclude that the trial court did not abuse its discretion in finding that its delay in determining the petitioner's Crim.P. 35(b) motion was reasonable under all of the circumstances of this case. I also conclude that the evidence conclusively demonstrates that the petitioner intended at all times to pursue rather than to abandon his motion. Because I would reverse the decision of the court of appeals and affirm the judgment of the trial court, I respectfully dissent from the majority opinion.