## The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

## Patrick S. PERRY, Defendant–Appellant.

### No. 97CA1628.

Colorado Court of Appeals,
Div. III.

Jan. 21, 1999.

Rehearing Denied Feb. 25, 1999.

Certiorari Denied Aug. 16, 1999.*

* Justice SCOTT does not participate.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Kim L. Montagriff, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Patrick Shannon Perry, appeals the trial court's order denying his motion to correct an illegal sentence pursuant to Crim. P. 35(a) or, in the alternative, to reconsider his sentence pursuant to Crim. P. 35(b). We affirm.

Defendant, pursuant to a plea agreement, pled guilty to one count of distribution of a controlled substance, a class four felony, and four counts of being a habitual criminal. He was subsequently sentenced to 32 years in

prison pursuant to §§ 18–1–105(1)(a)(V)(A), 18–1–105(9.7)(a), 18–1–105(9.7)(b)(XI), and 16–13–101(2), C.R.S.1998.

Section 16–13–101(2), the habitual criminal statute, provides, in pertinent part:

Every person ... adjudged an habitual criminal ... shall be punished for the felony offense of which such person is convicted ... for a term of four times the maximum presumptive range pursuant to section 18–1–105, C.R.S., for the class of felony of which such person is convicted.

Section 18–1–105(1)(a)(V)(A) provides that the presumptive range for a class four felony is between two and six years. However, §§ 18–1–105(9.7)(a) and 18–1–105(9.7)(b)(XI) provide that the maximum presumptive range for a class four felony "shall be increased by two years." Accordingly, the trial court concluded that the maximum presumptive range for distribution of a controlled substance was 32 years, or four times eight years.

On appeal, defendant contends that the maximum presumptive range for distribution of a controlled substance should be 24 years, or four times six years, because, he argues, the sentencing provisions in the habitual criminal statute "preempt" all other statutory enhancement provisions. We disagree.

A similar, if not identical, argument was rejected by a division of this court in *People v. Daniels*, 973 P.2d 641 (Colo.App.1998). We agree with that decision and, thus, find it dispositive. *See also People v. Hoefer*, 961 P.2d 563 (Colo.App.1998).

We conclude, therefore, that the trial court properly sentenced defendant to 32 years in prison.

Defendant, nevertheless, contends that the trial court should have considered his request to reconsider the 32–year sentence pursuant to Crim. P. 35(b). The trial court refused to reconsider defendant's sentence on the ground that it lacked authority to do so. We agree with the trial court.

* Justice SCOTT does not participate.

Under Crim. P. 35(b), the trial court may, upon either a timely motion or its own initiative, reduce the sentence imposed on a defendant. The rule allows the court to reconsider, in the interests of justice, the sentence previously imposed in light of all relevant and material factors which may or may not have been initially considered by the court and, in its sound discretion, to resentence the defendant to a lesser term "within the statutory limits." *People v. Smith*, 189 Colo. 50, 536 P.2d 820 (1975).

Here, however, the trial court was statutorily required to impose a 32–year sentence. *See* §§ 18–1–105(1)(a)(V)(A), 18–1–105(9.7)(a), 18–1–105(9.7)(b)(XI), and 16–13–101(2), C.R.S.1998. It was not authorized to impose anything less.

Unlike the crime of violence statute, § 16–11–309, C.R.S.1998, which expressly authorizes trial courts, upon a finding of unusual and extenuating circumstances, to modify crime of violence sentences imposed pursuant to § 18–1–105(9), there is no such provision in the habitual criminal statute.

Accordingly, the order is affirmed.

Judge DAVIDSON and Judge RULAND concur.