**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DION MARTINEZ,

             Petitioner - Appellant,

v.

THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

             Respondent - Appellee.

No. 13-1100

(D. Colorado)

(D.C. No. 1:12-CV-02493-LTB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Dion Martinez, a Colorado state prisoner proceeding pro se, filed

an application for relief under 28 U.S.C. § 2254 in the United States District

Court for the District of Colorado. The district court dismissed the application as

untimely. Applicant seeks a certificate of appealability (COA) from this court to

appeal the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal

denial of a § 2254 application). We deny a COA and dismiss the appeal.

Applicant pleaded guilty in Colorado state court to burglary and attempted

murder and was sentenced on February 12, 2009. He did not appeal his sentence,

but on March 31, 2009, he filed a motion in state court to reconsider his sentence

under Colo. R. Crim. P. 35(b) (defendant may file a motion to reduce sentence

within 120 days of imposition of sentence).  The court never ruled on that motion, and Applicant did not take further steps to seek relief until September 19, 2011, when he filed several additional postconviction motions and petitions.  The motions and petitions were denied a month later.  The time for appeal of the denial expired on December 5, 2011, but Applicant filed an untimely notice of appeal on January 9, 2012.  The Colorado Court of Appeals dismissed Applicant's appeal as untimely on April 23, 2012, and the Colorado Supreme Court denied a writ of certiorari.

Applicant filed his § 2254 application on September 19, 2012, alleging (1) that the trial court sentenced him within the range for aggravated crimes of violence without a jury finding of aggravating circumstances, and (2) that he was denied effective assistance of counsel during the plea process.  The district court ordered briefing on the timeliness of the application

After both the state and Applicant filed briefs on timeliness, the district court dismissed the petition as barred by the one-year limitation for filing § 2254 applications under the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d)(1).  The court reasoned that Applicant's conviction became final on March 30, 2009, when he could no longer appeal his sentence.  *See id.* § 2244(d)(1)(A) (the one-year limitation period runs from the latest of several dates, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

-2-

review"); Colo. App. R. 4(b)(1) (period to appeal expires 45 days after entry of judgment). And it determined that the one-year period was not tolled by Applicant's March 2009 motion for postconviction relief, *see* 28 U.S.C. § 2244(d)(2) (time that a "properly filed application for State postconviction" review is "pending" does not count toward limitations period), because he had not pursued that motion with diligence. *See People v. Fuqua*, 764 P.2d 56, 61 (Colo. 1988) (defendant abandons a motion under Colo. R. Crim. P. 35(b) if he fails to "make reasonable efforts to secure an expeditious ruling"). Finally, the court ruled that there was no ground for equitable tolling because of mental incompetency or ineffective assistance of counsel because (1) even if Applicant was on antipsychotic medication and housed at a mental-health facility from August 2009 to August 2010, as he alleged, he could have pursued his postconviction remedies after that time, and (2) Applicant did not demonstrate any basis for his claim that his counsel abandoned him. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (A litigant may be entitled to equitable tolling under AEDPA if he can establish that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way.").

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional

-3-

right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

No reasonable jurist could debate the correctness of the district court's ruling. Applicant's conviction became final on March 30, 2009. Applicant's March 31, 2009 motion for postconviction relief tolled the AEDPA limitations period only until Applicant abandoned the motion by failing to take reasonable steps to secure a ruling. *See Fuqua*, 764 P.2d at 61; *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000) ("Although the interpretation of the term 'pending' is a matter of federal law, our definition does require some inquiry into relevant state procedural laws . . . ."). In evaluating the diligence of a defendant, the Colorado courts take into account that the trial judge should resolve a Rule 35(b) motion within the time "reasonably necessary to decide the issue presented by the motion for reduction of sentence[;] [the reasonable time allowed for a ruling is] not a license to wait and reevaluate the sentencing decision in the light of subsequent developments." *Mamula v. People*, 847 P.2d 1135, 1138 (Colo. 1993) (internal quotation marks omitted). We need not define precisely when abandonment by Applicant occurred, but we can be confident that it occurred before September

-4-

2010, some 18 months after he filed his Rule 35(b) motion. *See id.* at 1136–38 (defendant abandoned postconviction motion when state court did not rule on it for 20 months). Therefore, the AEDPA limitations period expired before Applicant filed his additional motions and petitions for postconviction relief on September 19, 2011,[1] a year before he filed his § 2254 application.

Nor can Applicant establish timeliness under the doctrine of equitable tolling. He claims that he is entitled to such tolling because his counsel abandoned him, but he does not state any specific facts supporting the claim. He does not pursue in this court his claims below that he is entitled to tolling because he was in a mental-health facility and on antipsychotic medication from August 2009 to August 2010; but in any event, he has never presented evidence that the medication prevented him from pursuing his claims in court.

We DENY the application for a COA and DISMISS the appeal. We GRANT Applicant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

---

[1] We further note that the September 2011 pleadings would have tolled the limitations period for at most three months. The state district court denied relief on October 19, 2011, and the time for appeal expired on December 5. Although Applicant filed a notice of appeal, it was untimely and thus did not toll the limitations period at all. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).