23CA0955 Peo v Kramer 02-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0955
Mesa County District Court No. 20CR1238
Honorable Matthew D. Barrett, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Patrick Walter Kramer,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division III
Opinion by JUDGE TOW
Dunn and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

---

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1      Defendant, Patrick Walter Kramer, appeals his sentence for first degree criminal trespass.  We affirm.

## I.      Background

¶ 2      In March 2021, Kramer pleaded guilty to first degree criminal trespass, following an incident in which he took up residence in an unoccupied house.  The district court accepted the plea agreement and sentenced Kramer to a two-year probationary sentence.  Probation filed a complaint, alleging that Kramer committed multiple violations.  Kramer admitted the violations, and the court revoked and reinstated his probation.  Probation filed another complaint, alleging more violations, and Kramer again admitted to them.  The court sentenced Kramer to thirty-two months in the custody of the Department of Corrections (DOC), noting, among other reasons, that

> [T]his isn't an insignificant crime. I understand it's a trespass Class 5.  It's not the most aggravated set of circumstances, but this was someone's house.  This was your fourth felony, and you were given all of that mitigating consideration when I put you on probation in the first place.  And then I put you on probation again and then again.

¶ 3      This appeal followed.

## II. Analysis

¶ 4     Kramer contends that the district court erred by not explicitly considering legislative changes that reclassified first degree criminal trespass of an unoccupied dwelling to a misdemeanor when resentencing him to the DOC. We disagree.

¶ 5     Kramer pleaded guilty to first degree criminal trespass under section 18-4-502, C.R.S. 2020, which made trespass a class 5 felony. After Kramer's plea, however, the legislature amended section 18-4-502 to make first degree criminal trespass a misdemeanor, so long as the dwelling entered was not inhabited or occupied. Ch. 462, sec. 211, § 18-4-502(2)(a), 2021 Colo. Sess. Laws 3178.

¶ 6     We review a district court's sentencing decision for an abuse of discretion. *People v. Dominguez*, 2021 COA 76, ¶ 9. A court abuses its discretion if "it fails to consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public." *People v. Linares-Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008). Likewise, a district court abuses its

discretion if its decision is based on a misapplication of the law. *Margerum v. People*, 2019 CO 100, ¶ 9.

¶ 7    Here, there is no misapplication of the law, because the court sentenced Kramer within the presumptive range applicable to the offense as of the day Kramer committed it. "[A]meliorative, amendatory legislation applies retroactively to non-final convictions under section 18-1-410(1)(f), [C.R.S. 2024,] unless the amendment contains language indicating it applies only prospectively." *People v. Stellabotte*, 2018 CO 66, ¶ 3. The legislation that reduced first degree criminal trespass under section 18-4-502 from a class 5 felony to a misdemeanor expressly "applies to offenses committed on or after" March 1, 2022. Sec. 803, 2021 Colo. Sess. Laws at 3331-32. There is no dispute that Kramer committed trespass before March 1, 2022. Because the amendment to section 18-4-502 applies prospectively only, it does not affect Kramer's trespass conviction, and therefore it was not an erroneous understanding or misapplication of the law. Indeed, as Kramer acknowledges, "the district court was not required to apply the new laws."

¶ 8    Nor did the sentencing court fail to take into account the required considerations. Contrary to Kramer's argument, the

sentencing court considered the severity of the offense, saying that it was not "an insignificant crime," but that it was "not the most aggravated set of circumstances." More importantly, however, the court focused on other appropriate considerations, including Kramer's rehabilitative potential (or, here, the lack thereof). The court noted Kramer's multiple prior felonies, his failures at every level of supervision, and the fact that he had even been to prison before, yet he continued to commit crimes. And the court considered the value of deterrence — both deterring Kramer as well as the public at large — noting that simply giving a short sentence and closing the case was "not a good message to send to [Kramer] or to anyone else." Even with the significant aggravation identified by the court, however, it declined to sentence Kramer in the aggravated range.

¶ 9     Nevertheless, Kramer contends that the district court abused its discretion by not considering the reclassification of the offense to a misdemeanor as part of the "nature of the offense."[1] True, our supreme court has held that, at least when ruling on a Crim. P.

---

[1] Notably, Kramer does not contend that his sentence is grossly disproportionate, nor has he ever asked for a proportionality review.

35(b) motion to reconsider a sentence, a sentencing court is permitted to consider significant subsequent changes to the sentencing scheme. *See, e.g., People v. Bridges*, 662 P.2d 161, 165 (Colo. 1983) ("To require that a court be oblivious to the great reductions in authorized sentences . . . would not be consistent with the salutary goal of Crim. P. 35(b) to 'contribute to the imposition of more consistently uniform sentences for those convicted of like crimes.'" (quoting *People v. Smith*, 536 P.2d 820, 822 (Colo. 1975))).

¶ 10    But Kramer cites no case, nor are we aware of any, *requiring* a sentencing court to explicitly consider a prospective-only reclassification of an offense as part of the "nature of the offense" when determining an appropriate sentence.

¶ 11    In sum, the sentence is within the range authorized by the applicable statute and supported by appropriate considerations. Thus, the court did not abuse its discretion.

### III.    Disposition

¶ 12    The sentence is affirmed.

JUDGE DUNN and JUDGE BERGER concur.