The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Michael Ray PIOTROWSKI,
Defendant–Appellee.

No. 91CA0405.

Colorado Court of Appeals,
Div. III.

Feb. 27, 1992.

Rehearing Denied Dec. 17, 1992.

Certiorari Denied July 6, 1993.

John Suthers, Dist. Atty., David J. Margrave, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellee.

Opinion by Judge METZGER.

The People appeal the trial court's order modifying the sentence of defendant, Michael R. Piotrowski, after a hearing on his Crim.P. 35(b) motion. We vacate the order and remand the cause with directions.

Defendant entered a guilty plea to conspiracy to distribute a schedule II controlled substance and was sentenced on June 2, 1989, to eight years in the Department of Corrections. Within the requisite 120 days, defendant then filed a Crim.P. 35(b) motion to reconsider his sentence, but did not set it for hearing. The record shows that defendant was received at the Diagnostic Center of the Department of Corrections on September 26, 1989, and was thereafter transferred to a Department of Corrections facility where he was assigned to various work programs and attended classes.

Some 19 months after imposition of defendant's sentence, his attorney filed a notice of hearing on defendant's Crim.P. 35(b) motion. At the hearing, defendant presented evidence consisting of regular review reports from the Department of Corrections, a report from the local Community Corrections facility confirming defendant's eligibility for admission based on his progress during incarceration, and defendant's statement that: "I've learned my lesson about this, and I'd like to have the chance to prove myself to society."

Relying on our supreme court's decision in *People v. Fuqua*, 764 P.2d 56 (Colo. 1988), the People opposed defendant's motion on two bases. First, they argued that the trial court lacked jurisdiction to reconsider defendant's sentence because the 19–month delay between the filing of defendant's motion and the hearing was unreasonable. Second, while stipulating that the

defendant had been "a model prisoner," the People argued, in essence, that his evidence supporting reconsideration was insufficient because it referred only to his conduct while he was incarcerated.

The trial court determined that the length of the defendant's sentence, the nature of the offense for which he was sentenced, the length of time he was held in the county jail before being transported to the Department of Corrections, the actions defendant had taken since his arrival at the Department, and the time within which the matter was called up for hearing were reasonable. Thus, it rejected the People's argument and held that it did have jurisdiction to consider defendant's motion.

Then, considering those factors, in addition to defendant's exemplary behavior while he was incarcerated and the fact that a Community Corrections program had found defendant to be acceptable for admission, it ruled that defendant's sentence should be modified. It ordered that he serve his remaining time in the Community Corrections program.

Although the People argue on appeal that the trial court had no jurisdiction to reconsider defendant's sentence because of the unreasonable length of time between sentencing and the hearing on his Crim.P. 35(b) motion to reconsider, we will assume, without deciding, that the trial court's ruling concerning its jurisdiction was correct, particularly since defendant requested that his attorney set the motion for hearing several months before the attorney did so.

We do agree, however, with the People's contention that the findings are insufficient here to support the trial court's modification of defendant's sentence.

■ Once finality of sentence is achieved, any further relief must be obtained through the executive department by way of commutation, and not through the judiciary. *People v. Lyons,* 44 Colo. App. 126, 618 P.2d 673 (1980).

■ At the modification hearing, the prosecutor commented that: "[T]he reason for the delay has been to establish a good track record in the Department of Correc-

tions," and neither the defendant nor his attorney contested this point. Indeed, the only evidence presented by defendant consisted of favorable review reports from the Department of Corrections and a letter of eligibility from the local Community Corrections program. These documents were provided some 19 months after sentence was imposed, and approximately 15 months after defendant had been received at the Department of Corrections.

In our view, the practice engaged in here rests on a misapprehension of the relative functions of the judicial and the executive branches. In modifying a defendant's sentence based solely upon a "good track record," of some 15–months' duration that he established while incarcerated, a trial court accomplishes indirectly what it is forbidden to do directly: perform the functions of parole and/or commutation. *People v. Lyons, supra.* These functions are reposed exclusively in the executive branch. *See People v. Rupert,* 185 Colo. 288, 523 P.2d 1406 (1974); *People v. Arellano,* 185 Colo. 280, 524 P.2d 305 (1974).

However admirable may be a defendant's desire to demonstrate to the trial court his desire to be rehabilitated and his spirit of cooperation with corrections officials, the fact remains that the practice followed here diverts a trial court from performing its legitimate function. That function allows review of a sentence to determine its fairness based upon the purposes of the sentencing code as set out in § 18–1–102.5, C.R.S. (1986 Repl.Vol. 8B).

■ While we do not by this ruling mean to preclude evidence of a defendant's conduct during incarceration as a relevant consideration in a Crim.P. 35(b) proceeding, we hold that it is error to modify a defendant's sentence based only upon such evidence, particularly when the sole rationale is to reward exemplary behavior during incarceration.

Accordingly, the order is vacated, and the cause is remanded with directions to the trial court to review the defendant's file and the evidence adduced at the Crim.P. 35(b) hearing, to make new find-

ings and enter an order consistent with the views expressed in this opinion.

CRISWELL and NEY, JJ., concur.