James **GHRIST**, Petitioner,

v.

The **PEOPLE** of the State of Colorado, Respondent.

No. 94SC356.

Supreme Court of Colorado, En Banc.

June 12, 1995.

810

David F. Vela, State Public Defender, Frances Smylie Brown, Chief Appellate Deputy, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., A. William Bonner, Asst. Atty. Gen., Criminal Enforcement Section, Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

Petitioner, James H. Ghrist, Jr. (Ghrist), appeals the denial of his Crim.P. 35(b) motion for a sentence reduction. He contends that the trial court erred in concluding that it had no jurisdiction to consider his motion because it was based, in part, on post-incarceration conduct. In an unpublished opinion the court of appeals affirmed. *Ghrist v. People*, No. 92CA1239 (Colo.App. Apr. 14, 1994) (not selected for official publication). We agree with petitioner, and accordingly reverse and remand for further proceedings consistent with this opinion.

## I

In January 1990 Ghrist was convicted of reckless manslaughter in violation of section 18–3–104, 8B C.R.S. (1986). He was sentenced in the aggravated range to twelve years at the Department of Corrections (DOC). The court of appeals affirmed his conviction, and this court denied his petition for writ of certiorari.[1] On March 6, 1992, the court of appeals issued its mandate. On April 20, 1992, Ghrist filed a Crim.P. 35(b) motion for reconsideration of his original sentence. On June 9, 1992, after a hearing, the trial court denied Ghrist's request for reconsideration finding, "based on its reading of *[People v. Piotrowski]*, [855 P.2d 1 (Colo. App.1992),] that this Court is without jurisdiction to modify the sentence."[2] The court of appeals affirmed, holding that under *Piotrowski* the trial court cannot reduce a defendant's sentence based solely upon exemplary behavior during incarceration. We granted certiorari to decide whether the trial court erred in finding that it had lost jurisdiction to reduce Ghrist's sentence because his Crim.P. 35(b) motion was substantially based upon his exemplary behavior while incarcerated, even though his motion was filed, heard and denied within 120 days of the issuance of the mandate on direct appeal.

## II

Colorado Rule of Criminal Procedure 35(b) provides:

> Reduction of Sentence. The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing.

---

1. *People v. Ghrist*, No. 90CA0903 (Colo.App. Nov. 7, 1991) (not selected for official publication), *cert. denied* No. 91SC751 (Colo. Feb. 8, 1992).

2. The hearing was held fifty days after Ghrist filed his original *pro se* motion, ninety-five days after the court of appeals issued its mandate and twenty-three months after Ghrist's original sentencing.

The court may reduce a sentence on its own initiative within any of the above periods of time.

■■■ To decide the question before us, we must consider both the purpose of Crim.P. 35(b), and the procedures followed in a hearing on such a motion. Crim.P. 35(b) provides trial courts the opportunity to review a sentence to ensure it is properly imposed before it is final. *Mamula v. People,* 847 P.2d 1135 (Colo.1993). In reviewing Crim.P. 35(b) motions courts are called on to determine whether the sentence was fair in light of the purposes of the sentencing code set out in section 18–1–102.5, 8B C.R.S. (1986).[3] *See, e.g., Mamula,* 847 P.2d at 1136. Sentencing decisions on Crim.P. 35(b) motions remain within the sound discretion of the trial court. *E.g., People v. Fuqua,* 764 P.2d 56, 60 (Colo.1988).

■ In *People v. Bridges,* 662 P.2d 161 (Colo.1983), we considered the scope of review for a Crim.P. 35(b) motion and concluded that under the review standard allowing for consideration of all relevant and material factors, including new evidence, the trial judge properly considered the defendant's improved conduct while in prison. *Bridges,* 662 P.2d at 165. *See also Fuqua,* 764 P.2d at 60; *Mikkleson v. People,* 199 Colo. 319, 321, 618 P.2d 1101, 1102 (1980); *Spann v. People,* 193 Colo. 53, 55, 561 P.2d 1268, 1269 (1977) (all relevant material information, including new evidence may be considered by the trial court); *cf. People v. Watkins,* 684 P.2d 234, 238 (Colo.1984) (explaining that multiple factors, including the need to protect society, deter potential offenders, punish convicted offenders and to promote rehabilitation were properly considered by the trial court in ruling on a 35(b) motion). While we have approved consideration of all relevant evidence in determining whether the sentence

reflects the purposes to be advanced by our sentencing scheme, we have also cautioned that a Crim.P. 35(b) motion is not a "license to wait and reevaluate the sentencing decision in the light of subsequent developments." *Mamula,* 847 P.2d at 1138.

■ In *People v. Fuqua,* 764 P.2d 56 (Colo.1988), we considered the relevant timeframes applicable to 35(b) motions. There, we rejected the People's contention that the trial court lost jurisdiction over a 35(b) motion that was filed, but not heard, within one-hundred twenty days after imposition of the sentence. We noted that denying the court jurisdiction over such a motion would operate to abort, as a matter of law, an otherwise proper motion. *Id.* at 60. We explained that "[i]t is the responsibility of the court to rule on a motion within a reasonable time after its filing." *Id.* at 61. We further placed an affirmative burden on a defendant who files a Crim.P. 35(b) motion to make reasonable efforts to secure an expeditious ruling. *Id.*

In *People v. Piotrowski,* 855 P.2d 1 (Colo. App.1992), the court of appeals considered the timeliness of a Crim.P. 35(b) motion where the defendant filed the motion within one-hundred twenty days, but delayed a hearing on the motion for nearly nineteen months. There, the court held that the trial court's findings were insufficient to support modification of the defendant's sentence. *Piotrowski,* 855 P.2d at 2. In so holding the court considered the motivation behind the delay in setting the hearing, and concluded that the defendant stalled to "establish a good track record in the Department of Corrections." *Id.* Thus, even though the motion was timely filed, the court disapproved of the delay tactic used to create supporting evidence for the motion. The court explained such conduct impinged on the separation of powers between the judicial and exec-

---

3. Section 18–1–102.5 provides:
   (1) The purposes of this code with respect to sentencing are:
   (a) To punish a convicted offender by assuring the imposition of a sentence he deserves in relation to the seriousness of his offense;
   (b) To assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences, providing fair warning of the nature of the sen-

tence to be imposed, and establishing fair procedures for the imposition of sentences;
   (c) To prevent crime and promote respect for the law by providing an effective deterrent to others likely to commit similar offenses; and
   (d) To promote rehabilitation by encouraging correctional programs that elicit the voluntary cooperation and participation of convicted offenders.

utive branch. *Id.* In *Piotrowski*, therefore, the court was not as concerned with the evidence presented as it was with the incentive for delaying consideration of the motion:

> [W]e do not by this ruling mean to preclude evidence of a defendant's conduct during incarceration as a relevant consideration in a Crim.P. 35(b) proceeding, we hold that it is error to modify a defendant's sentence based only upon such evidence, particularly when the sole rationale is to reward exemplary behavior during incarceration. *Id.*

We later considered a similar situation in *Mamula v. People*, 847 P.2d 1135 (Colo.1993). Mamula, like Piotrowski, filed his Crim.P. 35(b) motion within the prescribed timeframe. Mamula then asked the court to delay hearing the motion so that he could furnish the court with supporting documents. Though such a request standing alone is not unreasonable, we held that the twenty month delay used to assist Mamula in building a record of good behavior at the DOC was unreasonable. Thus, in *Mamula*, we applied the reasonableness standard set forth in *Fuqua* to conclude that Mamula's failure to seek a ruling on his motion was unreasonable. *Id.* at 1137. We held that "[n]o period of time can be reasonable where its purpose is contrary to the purposes and interests served by the rule." *Id.* Based on our conclusion that Mamula delayed the hearing on the motion for an unreasonable period of time we held that he had abandoned the motion as a matter of law. *Id.* at 1138.

The court of appeals decided *Piotrowski* without the benefit of our holding in *Mamula.* Ghrist argues that *Piotrowski* should not be construed to impose a limit on the evidence a trial court may consider when ruling on a 35(b) motion. Though we agree with Ghrist that the trial court improperly applied *Piotrowski* to find that it did not have jurisdiction to consider his motion, in our view *Fuqua*, *Piotrowski* and *Mamula* can be reconciled to create a framework for review of Crim.P. 35(b) motions.

■■■ First, a reviewing court must determine the timeliness of the motion, considering both when it is filed and when it is heard. *See Fuqua*, 764 P.2d at 61; *Mamula*,

847 P.2d at 1138. If the motion is not filed within the prescribed period it must be denied unless it falls under a recognized exception. *See* Crim.P. 35(c). If the motion is timely filed, it must be decided within a reasonable time. In *Mamula*, we explained "the reasonable time contemplated by rule 35(b) is only that time reasonably necessary to decide the issue presented by the motion." *Mamula*, 847 P.2d at 1138. Both *Piotrowski* and *Mamula* provided examples of an unreasonable delay in hearing a Crim.P. 35(b) motion. *Mamula*, 847 P.2d at 1136; *Piotrowski*, 855 P.2d at 2. In each case the defendants contributed to a delay of over one year in setting the motion for hearing. Thus, while the *Piotrowski* court focused on the type of evidence presented, that is, evidence of Piotrowski's exemplary conduct while incarcerated, the nature of the evidence was merely a result of his unreasonable delay in seeking a hearing on his motion.

■■■ A reasonable timeframe for a hearing will depend on whether the defendant seeking review has made a "reasonable effort to secure an expeditious ruling." *Fuqua*, 764 P.2d at 61. Trial courts therefore may take into account the defendant's motivation behind delaying review to determine whether any delay is unreasonable. Of course, delays that result from the court's inability to hear the matter should not be assessed against the defendant. However, because courts cannot exercise jurisdiction interminably, *see Fuqua*, 764 P.2d at 61, once the court decides the motion has not been heard within a reasonable time, the motion may be deemed abandoned as a matter of law. *Mamula*, 847 P.2d at 1138.

■■■ If the trial court determines that the defendant has met the threshold requirements of timely filing and timely hearing, the court is then free to consider all evidence presented at a 35(b) hearing. This includes evidence of exemplary conduct while incarcerated. Crim.P. 35(b) does not limit the evidence the trial court may consider, and we decline to create such a restriction. In our view the purposes of the sentencing statutes are best served without imposing a judicially created limitation on the evidence consid-

814

ered. We have long held that any decision to reduce a sentence pursuant to Crim.P. 35(b) is entrusted to the sound discretion of the trial court as the "better arbiter of the facts" related to sentencing. *Watkins,* 684 P.2d at 239. This analysis reconciles both the procedural requirements of Crim.P. 35(b) and its salutary purposes.

■ Applying this analysis to the case at hand, we conclude that Ghrist was improperly denied a full hearing on his Crim.P. 35(b) motion. He filed his motion within the prescribed statutory period after the court of appeals issued its mandate. Indeed, the entire Crim.P. 35(b) proceeding was conducted within the one-hundred twenty day time period. Though we recognize there was a delay between the time the original sentence was imposed and the hearing on the 35(b) motion, this delay resulted from Ghrist's direct appeal. He should not be penalized for pursuing his right of appeal, or for any delay in deciding that matter.

### III

■ The People fail to advance a sound argument that the trial court was without jurisdiction to consider Ghrist's motion. At oral argument the People contended that a sentence is final once a mandate is received. We find no support for such a novel view. The timely filing of a 35(b) motion suspends finality of sentence while the court reconsiders the original sentence. *See Mamula,* 847 P.2d at 1137–38; *Fuqua,* 764 P.2d at 60; *cf. People v. Smith,* 189 Colo. 50, 51, 536 P.2d 820, 822 (1975) (explaining that Crim.P. 35(a), the precursor to Crim.P. 35(b), "suspends the finality of the conviction for a period of 120 days from the time sentence is imposed"). In *Fuqua,* we concluded that "[t]he suspension of the finality of sentence for such additional time as necessary for proper resolution of the [Crim.P. 35(b) ] motion assures reliability in the sentencing process without, however, abridging the principle that the executive department, rather than the judiciary, has the sole authority to modify a legally imposed sentence after the sentence becomes final." *Fuqua,* 764 P.2d at 60; *see also Mamula,* 847 P.2d at 1138. While adoption of the People's suggested interpretation of

Crim.P. 35(b) would effectively vitiate the rule, *see Fuqua,* 764 P.2d at 60, our interpretation does not interfere with the authority of the executive branch to act on matters of parole or clemency after final judgment is entered.

### IV

In summary, we hold that the trial court erred in concluding that it was without jurisdiction to consider Ghrist's Crim.P. 35(b) motion. We therefore reverse and remand this case for further proceedings consistent with this opinion.