**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Abel Tom OLIVAS, Defendant–Appellant.**

No. 94CA0484.

Colorado Court of Appeals, Div. I.

Aug. 24, 1995.

Rehearing Denied Oct. 19, 1995.

Certiorari Denied March 11, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Janet F. Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Abel Tom Olivas, appeals from the denial of his motion for reduction of sentence pursuant to Crim.P. 35(b). We affirm.

Defendant entered guilty pleas to one count of second degree murder, one count of first degree assault, and one count of menacing. He was sentenced to a total of 40 years in the Department of Corrections. Defendant's 24–year sentence for the second degree murder conviction and the 16–year sentence for the first degree assault conviction were ordered to run consecutively pursuant to § 16–11–309, C.R.S. (1986 Repl. Vol. 8A), while the four year sentence for menacing was ordered to run concurrently with the other sentences.

Defendant subsequently filed a timely Crim.P. 35(b) motion for reduction of sentence. In that motion he listed several programs he had completed as an inmate, including an alcohol recovery program, an anger management program, and a G.E.D. program. Defendant also argued in his motion that the presentence report prepared before sentencing contained erroneous information about a prior felony and failed to note that the felony had been dismissed.

Finally, defendant reminded the court that he had only one prior felony conviction from sixteen years earlier and that his prior employment history had been stable, noted that he was remorseful and had returned to Catholicism while in prison, and stated that he had not been a disciplinary problem while incarcerated. Defendant requested that a hearing be held in order for the court to consider more fully his request for modification of sentence.

Defendant's motion was denied without a hearing. The judge who ruled on the motion was not the same judge who had imposed the sentence in this case. Nonetheless, noting that he had reviewed the motion and the

court files, including the presentence report, the judge concluded that defendant had failed to present any extraordinary circumstances justifying a reduction in his sentence.

Defendant contends the court erred in denying the motion in a summary manner and without conducting a hearing to consider his claims. He argues that this case presents special and unique circumstances and that the record does not indicate that the judge who ruled on the Crim.P. 35(b) motion considered all relevant and material facts and conducted a meaningful review of the sentence. We disagree.

## I.

■ The People initially assert that the issues raised by the defendant are not properly before us for review because the defendant failed to provide us with a sufficient record of the proceedings below. Specifically, the People maintain that because the record does not contain the Crim.P. 35(b) motion filed in the trial court and the attachments to that motion, the propriety of the denial of that motion cannot be reviewed. We reject this contention.

The Designation of Record filed in this case includes all motions filed in the trial court. It appears that defendant's Crim.P. 35(b) motion was inadvertently not included with the remainder of the record transmitted to this court. It further appears that although a second request for transmittal of the motion was made in the trial court following a motion in this court to supplement the record, the original Crim.P. 35(b) motion still has not been sent to this court. Because the omission of the motion from the appellate record is not the fault of the defendant, and because a copy of the motion is attached to the opening brief for our review, we conclude that the issue raised on appeal may appropriately be reviewed.

■ Nor are we persuaded by the People's second contention that the appeal must be dismissed because it concerns the propriety of the sentence imposed in this case. There is a difference between a challenge to the propriety of a sentencing proceeding and a challenge to the intrinsic fairness of the

sentence imposed. There is no right to appeal the trial court's denial of a motion for reduction of sentence pursuant to Crim.P. 35(b) when the only issue presented to and resolved by the court is the propriety of the sentence itself. *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980).

Here, the majority of the contentions raised in the appeal cover issues involving the propriety of the sentencing proceeding and the propriety of the Crim.P. 35(b) ruling. Hence, we conclude that the issues raised in the appeal concerning the propriety of the sentencing proceeding are properly before us for review. To the extent that any of the issues pertain to the propriety of the initial 40–year sentence, we decline to address them.

## II.

■ The purpose of Crim.P. 35(b) is to allow the trial court one opportunity to reconsider the sentence previously imposed. *People v. Fuqua,* 764 P.2d 56 (Colo.1988). In ruling on a motion for reduction of sentence the trial court has a duty to exercise its judicial discretion. This requires the court to consider all relevant and material facts, including both new evidence and evidence known at the time the sentence was imposed. However, only if the trial court has refused to consider any information in mitigation and fails to make findings in support of its decision is there a failure by the court to exercise its judicial discretion. *People v. Busch,* 835 P.2d 582 (Colo.App.1992).

■ Crim.P. 35(b) does not contain a specific provision requiring the trial court to make findings of fact when ruling on a motion for reduction of sentence. However, the supreme court has determined that the trial court should provide a statement of the basic reasons in support of its ruling. *People v. Bridges,* 662 P.2d 161 (Colo.1983).

■ Here, the trial court noted the matters it considered prior to the denial of the defendant's motion. We conclude that the trial court's statement for denial was adequately detailed. In addition, a hearing is not required in connection with a motion for reduction of sentence pursuant to Crim.P.

35(b). *People v. Carey*, 701 P.2d 89 (Colo. App.1984).

▮ Defendant first argues that the court could not properly consider the motion because it had no previous familiarity with the case and because the judge who initially imposed the sentence failed to make findings regarding the disputed facts in the record. However, the judge who ruled on the motion specifically noted that he had reviewed the file, the motion, and the presentence report. Therefore, he had access to virtually all of the information possessed by the sentencing judge. He thus had a great deal of familiarity with the case before making his ruling and had the opportunity to review those portions of the sentencing hearing in which the disputed facts of the case were discussed.

Moreover, it is implicit in the order of the sentencing court that the court did not accept defendant's version of the events leading to his arrest. The sentencing court found that five days before this incident defendant was arrested in connection with an assault and ordered to have no contact with his ex-wife. However, defendant deliberately contacted his ex-wife which culminated in the incident at issue here. The sentencing court further determined that defendant had purchased a gun just hours before the shooting in this case began. It is evident from these findings that the court believed the shooting was not an accident or a response in self-defense, but rather an intentional act. The judge who ruled on the Crim.P. 35(b) motion, therefore, had the benefit of these findings when making his determination on the request for reduction of sentence.

Defendant also argues that there is no indication that the sentencing court balanced the aggravating and mitigating factors in this case or that it even considered the correct sentencing range. We are not persuaded.

▮ To the extent that defendant's claim that the sentencing court may have failed to balance the aggravating and mitigating factors in this case is a challenge to the original sentence, we will not address it. *See People v. Malacara, supra.* However, assuming that this claim is intended to be a challenge to the sentencing procedure, we note that the

sentencing court was required to impose an enhanced sentence for this defendant because two of the offenses were crimes of violence. *See* § 18–1–105(9)(a)(I), C.R.S. (1994 Cum.Supp.). A trial court need not make specific findings on the record when sentencing a defendant to a mandatory enhanced term based on § 18–1–105(9)(a). *See* § 18–1–105(7), C.R.S. (1986 Repl. Vol. 8B); *People v. Walker*, 724 P.2d 666 (Colo.1986).

Further, the record shows that the district attorney originally told the court an incorrect aggravated sentencing range for the offense for which defendant was convicted. However, the public defender corrected any misunderstanding the court may have had about the aggravated sentencing range by specifically pointing out to the court a statutory change in the sentencing range and noting for the court the correct sentencing range. Under these circumstances, there is no evidence that the court applied an incorrect sentencing range when imposing the original sentence.

▮ Finally, we are not persuaded that, under the circumstances of this case, § 16–11–309(1)(a), C.R.S. (1994 Cum.Supp.) mandates that the court hold a hearing to consider defendant's claims. That statutory subsection provides that 90 days after a sentence for a crime of violence has been imposed, the Department of Corrections must send the sentencing court a report on the evaluation and diagnosis of the offender. The statute goes on to state that "the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence...."

The plain language of this provision does not require the court to hold a hearing simply because a mandatory sentence for a violent crime has been imposed. Nor does it require the court to make specific findings about each case it reviews in terms of whether it finds the case to be exceptional or to involve extenuating circumstances. Contrary to defendant's argument, no specific review procedure is mandated by the statute.

In this case the court that ruled on defendant's Crim.P. 35(b) motion reviewed the rec-

ord, which contained the material and relevant facts, as well as the items in the motion suggesting that post-sentencing events warranted a modification of the sentence. Concluding that no reduction was warranted based on all of these factors, the court denied the motion without a hearing. Further, it is evident that the court did not find any exceptional circumstances warranting a reduction of the mandatory sentences imposed under the crime of violence statute.

Under these circumstances, there was ample review of, and familiarity with, defendant's claims, and we find no error in the court's denial of the Crim.P. 35(b) motion based on the conclusion that no extraordinary circumstances justify a reduction of the sentence.

The order is affirmed.

METZGER and TAUBMAN, JJ., concur.