The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

George David BLOOM, Defendant–Appellant.

No. 09CA0515.

Colorado Court of Appeals, Div. A.

June 10, 2010.

John W. Suthers, Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kathleen A. Lord, Chief Appellate Deputy State Public Defender, Natalie Schnall, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MILLER.

Defendant, George David Bloom, appeals the sentence imposed following his guilty plea to second degree kidnapping of a robbery victim and a crime of violence sentence enhancer count. Having reviewed the record

and the opening brief, we conclude that the case is appropriate for summary disposition without an answer brief and dismiss the appeal.

The parties agreed that defendant's prison sentence would not exceed forty years, which amounted to an agreement that he would be sentenced to between sixteen and forty years. Absent the agreed-upon cap, defendant could have been sentenced to up to forty-eight years in prison. *See* §§ 18–1.3–401(1)(a)(V)(A), (6), (8)(a)(I), 18–1.3–406(1), (2)(a)(II)(D), 18–3–302(1), (3)(b), C.R.S.2009. The district court accepted defendant's plea and sentenced him to forty years imprisonment.

Section 18–1–409(1), C.R.S.2009, provides that "the person convicted shall have the right to one appellate review of the propriety of the sentence … except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence."

Here, defendant acknowledges that his sentence is within the agreed-upon range, but claims the bar on appellate review of his sentence does not apply because his challenge is to the district court's "failure to apply the correct criteria in selecting the sentence."

Defendant's reliance on *People v. Olivas,* 911 P.2d 675 (Colo.App.1995), to support his argument is misplaced. There, the division considered whether it could review the trial court's determination of a Crim. P. 35(b) motion for reduction of sentence. *Id.* at 677 (when ruling on a Crim. P. 35(b) motion, the trial court fails to exercise its discretion if it refuses to consider any information in mitigation and makes no findings in support of its ruling). The division's analysis does not apply in this direct appeal of a sentence.

Moreover, the statute bars review of all statutory factors that may have affected the propriety of a sentence, including "the manner in which the sentence was imposed." *See People v. Lassek,* 122 P.3d 1029, 1033 (Colo. App.2005). The essence of defendant's argument is that the district court did not properly weigh the statutory sentencing factors list-

ed in section 18–1–102.5, C.R.S.2009. The argument is a challenge to the propriety of the sentence, which we cannot review. *See Lassek,* 122 P.3d at 1033; *see also People v. Scofield,* 74 P.3d 385, 386–87 (Colo.App.2002) (dismissing appeal pursuant to section 18–1–409(1)); *People v. Prophet,* 42 P.3d 61, 62 (Colo.App.2001) (same).

The appeal is dismissed.

Judge CASEBOLT and Judge HAWTHORNE concur.