24CA1060 Peo v Owens 07-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1060
Mesa County District Court No. 16CR327
Honorable Matthew D. Barrett, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Nathanael Eugene Owens,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE TOW
Yun and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 10, 2025

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Nathanael Eugene Owens, Pro Se

¶ 1     Defendant, Nathanael Eugene Owens, appeals the district court's order denying his postconviction motion.  We affirm.

## I.     Background

¶ 2     In 2017, Owens pleaded guilty to two counts of aggravated robbery, § 18-4-302(1)(d), C.R.S. 2024, and one count of vehicular eluding, § 18-9-116.5, C.R.S. 2024, in exchange for the dismissal of ten remaining counts.  Owens stipulated to a sentence between twenty and twenty-six years in the custody of the Department of Corrections (DOC) plus parole.  Specifically, he stipulated to ten-year consecutive sentences for the aggravated robbery counts, to be run either concurrently or consecutively — at the court's discretion — with the vehicular eluding sentence.  Owens also agreed to waive his right to seek reconsideration of his sentence under Crim. P. 35(b).

¶ 3     On May 22, 2017, the district court sentenced Owens to ten years for each aggravated robbery count and four years for the vehicular eluding count, all to run consecutively.

¶ 4     One month later, the DOC filed a violent crime report in the district court.

1

¶ 5     On August 25, 2017, Owens filed a motion to reconsider his sentence under Crim. P. 35(b).  The district court denied the motion, finding that Owens had waived his right to sentence reconsideration under Crim. P. 35(b) in the plea agreement. Alternatively, the court found that reconsideration was unwarranted based on the facts of the case and Owens's criminal history.

¶ 6     On April 23, 2024, Owens filed a motion captioned "MOTION FOR TO CORRECT ILLEGAL SENTENCE UNDER 35A AND 35B RECONSIDERATION."  He argued that the DOC violated his plea agreement and miscalculated his parole eligibility date (PED) by treating his aggravated robbery convictions as crimes of violence, which resulted in his PED being calculated based on him serving seventy-five percent of his sentence, as opposed to fifty percent. But, in his view, he did not plead guilty to a crime of violence.  He also claimed that the district court held an ex parte hearing to enhance his sentence after the DOC filed the violent crime report, which he argued violated his due process rights.  Finally, Owens asserted that "the mandatory parole component of his prison sentence, five (5) years, should be subtracted from his 24 years."

¶ 7     The district court denied Owens' motion, finding that (1) the sentence imposed was legal under Crim. P. 35(a); (2) Owens had waived his right to seek reconsideration under Crim. P. 35(b), and any Crim. P. 35(b) motion nevertheless would have been untimely; and (3) the motion was successive.

## II.     Discussion

¶ 8     On appeal, Owens contends that the district court erred by denying his motion. He reasserts only his claim that his due process rights were violated when the district court held an ex parte hearing after the DOC filed its violent crime report.[1] He also claims that this court, the Mesa County District Court, and the supreme court violated his due process rights "by denying him the record in this case." We disagree with Owens's contentions.

### A.     Ex Parte Hearing

¶ 9     The substance of a postconviction motion, and not its caption, controls how it is designated. *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). Although Owens captioned his motion

---

[1] Owens has abandoned the remaining claims in his motion by not pursuing them on appeal. *See People v. Hunsaker*, 2020 COA 48, ¶ 10, *aff'd*, 2021 CO 83.

under Crim. P. 35(a) and 35(b), he does not claim that his sentence was illegal or was imposed in an illegal manner. *See* Crim. P. 35(a). Nor does he seek reconsideration of his sentence. *See* Crim. P. 35(b). Rather, he claims that his due process rights were violated when an alleged ex parte hearing took place. This is a claim cognizable under Crim. P. 35(c). *See id.* (a postconviction motion is properly brought under Crim. P. 35(c) when the defendant challenges the constitutionality of his conviction or sentence); Crim. P. 35(c)(2)(I) (permitting postconviction review on the basis that "the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state").

¶ 10 We review de novo the denial of a Crim. P. 35(c) claim without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 11 Claims arising under Crim. P. 35(c) are subject to the time limitation set forth in section 16-5-402(1), C.R.S. 2024. Except in the case of class 1 felony convictions, a Crim. P. 35(c) claim is time barred if it is filed more than three years after the conviction is final, unless the defendant can establish justifiable excuse or excusable neglect, or another statutory exception, to permit an

untimely challenge. *See* § 16-5-402(1), (2)(d). Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final on the date of sentencing. *People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006). Thus, Owens had until May 22, 2020 — three years after sentencing — to file his Crim. P. 35(c) claims.

¶ 12　　Because Owens filed his motion in April 2024 and did not allege facts to support a claim of justifiable excuse or excusable neglect or any other statutory exception, the motion was time barred. Accordingly, we perceive no error in the district court's denial of this claim, though we rest our conclusion on different grounds. *See People v. Manyik*, 2016 COA 42, ¶ 69 ("We may affirm the court's ruling on any ground supported by the record, even if that ground was not articulated or considered by the court."); § 16-5-402(1.5) (an appellate court may affirm the denial of a Crim. P. 35(c) claim on the ground that it was time barred, even if the issue of timeliness was not considered by the postconviction court).[2]

---

[2] Notably, even if we were to reach the merits of Owens's claim, it would fail because the record does not show that any hearing, much less an ex parte hearing, took place after the violent crime report was filed. Nor is there any requirement to conduct such a hearing. *See People v. Olivas*, 911 P.2d 675, 678 (Colo. App. 1995).

5

## B. Denial of Record

¶ 13    After Owens filed his notice of appeal, he filed a designation of record, stating that "[t]he record the defendant is requesting is the recordings of the Rule 11 plea agreement hearing, the sentencing hearing[,] and the violent crime report hearing.  Defendant does not want transcripts but request[s] the actual recording of all three hearings."  Thereafter, the appellate record was certified and transmitted to this court.  Owens then filed with this court a motion to compel the Mesa County District Court to provide the actual recordings of the three hearings.  We denied the motion, finding that any transcripts or recordings would not be relevant to this appeal.  *People v. Owens*, (Colo. App. No. 24CA1060, July 29, 2024) (unpublished order).  We reasoned that the district court issued an order on July 5, 2024, denying Owens's motion requesting that the recordings, not transcripts, be certified as part of the appellate record, and finding that "it did not rely on any transcripts or recordings in making its rulings presented for this Court's review."  *Id.*  Owens filed a similar motion to compel in the supreme court, which the court denied.  *In Re People v. Owens*, (Colo. No. 24SA233, Sept. 26, 2024) (unpublished order).

¶ 14    Finally, when complaining about an incomplete record, a defendant must establish specific prejudice that resulted from the incomplete record and cannot rely on bare assertions that the incomplete record impaired their ability to appeal. *People v. Rodriguez*, 914 P.2d 230, 301 (Colo. 1996). Owens does not articulate how (or, for that matter, *that*) he was prejudiced by any purported shortcomings in the record aside from saying that he did not receive it. Indeed, we cannot identify how any such prejudice can arise from the lack of recordings, when those recordings had no bearing on the denial of Owens's claim. Thus, we reject his claim on this basis as well.

## III.    Disposition

¶ 15    The order is affirmed.

JUDGE YUN and JUDGE SULLIVAN concur.