23CA1685 Peo v Kelley 08-28-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1685
City and County of Denver District Court No. 17CR20003
Honorable Eric M. Johnson, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brent M. Kelley,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Moultrie and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 28, 2025

---

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Christopher Gehring, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Brent M. Kelley, appeals the postconviction court's order denying his Crim. P. 35(b) motion for reconsideration of his sentence.  We reverse.

## I.     Background

¶ 2     A jury found Kelley guilty of second degree murder, possession of a controlled substance, and a special offender sentence enhancer relating to the controlled substance conviction.  The trial court imposed consecutive sentences totaling forty-seven years in prison.

¶ 3     Kelley directly appealed, and a division of this court affirmed the judgment of conviction.  *See People v. Kelley*, (Colo. App. No. 19CA0161, Aug. 4, 2022) (not published pursuant to C.A.R. 35(e)).

¶ 4     Thereafter, with the assistance of counsel, Kelley filed a timely request to reconsider his sentence under Crim. P. 35(b).  The postconviction court denied the motion in a written order, ruling as follows: "Based on my review of the file, including the subject motion, probations reports, and my notes from the sentencing hearing, I find that the sentence I imposed was, and remains, appropriate."  However, the postconviction court judge didn't preside over the sentencing hearing or impose the sentence — the judge who presided over the trial did.

1

## II.     Analysis

¶ 5     Kelley contends, and the People agree, that the postconviction court erred by purporting to base its decision on notes which could not exist.  We agree with the parties.

¶ 6     The purpose of Crim. P. 35(b) is to permit the district court one opportunity to reconsider a previously imposed sentence.  *See People v. Fuqua*, 764 P.2d 56, 60 (Colo. 1988); *People v. Olivas*, 911 P.2d 675, 677 (Colo. App. 1995).  The decision whether to reduce a sentence under Crim. P. 35(b) is within the court's sound discretion.  *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001).

¶ 7     As indicated above, the postconviction court judge  noted that he had considered Kelley's motion, including "*my notes* from the sentencing hearing" and found that the sentence "*I imposed* was, and remains, appropriate."  (Emphasis added.)  But that can't be right because that judge didn't preside over the sentencing hearing or impose the sentence.  Thus, we agree with the parties that the court ruled contrary to the record and, in effect, failed to state the "basic reasons" supporting its decision.  *See Olivas*, 911 P.2d at 677; *see also Hoang v. People*, 2014 CO 27, ¶ 12 (a court abuses its discretion when its decision is manifestly arbitrary, unreasonable,

or unfair); *People v. Cook*, 2014 COA 33, ¶ 45 (no abuse of discretion when the "findings are supported by the record").

¶ 8 We therefore reverse the order denying the motion for reconsideration.

## III. Disposition

¶ 9 The order is reversed, and the case is remanded to the postconviction court with instructions to consider the merits of Kelley's Crim. P. 35(b) motion and to enter a written order stating the basic reasons for granting or denying the motion.

JUDGE MOULTRIE AND JUSTICE MARTINEZ concur.