24CA1708 Peo v Contreras 01-22-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1708
El Paso County District Court No. 17CR456
Honorable Eric Bentley, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

David Contreras, Jr.,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE HARRIS
Dunn and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lindsey Parlin, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1    Defendant, David Contreras, Jr., appeals the district court's order denying his Crim. P. 35(b) motion for sentence reconsideration. We affirm.

## I.    Background

¶ 2    A jury found Contreras guilty of one count of sex assault on a child and one count of aggravated sex assault on a child for sexually abusing his thirteen-year-old sister-in-law. The jury further found, as to each conviction, that Contreras applied force against the victim, he was in a position of trust with the victim, and the sexual assault was part of a pattern of sexual abuse. The district court sentenced Contreras to a controlling term of fifteen years to life. A division of this court affirmed his convictions. *See People v. Contreras*, (Colo. App. No. 18CA1298, Sept. 9, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 3    Contreras timely filed a Crim. P. 35(b) motion asking the district court to reduce his controlling sentence. In support of his request, Contreras (1) detailed the steps he has taken while in prison to improve himself; (2) submitted a Department of Corrections assessment demonstrating his low recidivism risk; (3) indicated that he and his family provide reciprocal support to each

1

other; (4) accepted responsibility for his convictions; (5) provided letters of support from individuals familiar with him; and (6) argued that reducing his minimum sentence would expedite his ability to participate in the mandatory Sex Offender Treatment and Monitoring Program, thereby advancing the rehabilitative goals of his sentence.

¶ 4    The postconviction court conducted a hearing on Contreras's motion.  It heard from several people, including Contreras and the victim; listened to the parties' arguments; and accepted written statements from individuals who could not be present at the hearing.

¶ 5    At the end of the hearing, the postconviction court denied Conteras's motion, explaining that a different judge had tried the case and, "as a result[, it] very carefully reviewed the record[,] . . . very carefully listened to everybody who" spoke at the hearing, and "reviewed all the filings . . . including all the exhibits, correspondence, et cetera" filed over the course of more than two years while the motion was pending.  In addition to the materials that were related to the motion, the postconviction court reviewed this court's opinion affirming Contreras's conviction, the trial court

record to the extent it was available, and the law applicable to Crim. P. 35(b) motions. The postconviction court noted that, under Crim. P. 35(b), it had "an affirmative obligation to exercise judicial discretion in deciding whether to modify the sentence," highlighted the factors it was required to consider, and thoroughly reviewed the evidence supporting and against Contreras's motion. It noted that the sentencing judge, who had presided over Contreras's trial, "was in a much better position . . . to determine what was appropriate," and then remarked, "Beyond that, I find the sentence appropriate and necessary to promote respect for the law and deterrence." Thus, the postconviction court upheld the original sentence and denied Contreras's motion.

¶ 6    Later that day, the postconviction court issued a written order denying the motion "for the reasons set out from the bench."

II.    Applicable Law and Standard of Review

¶ 7    Crim. P. 35(b) allows district courts an opportunity to reconsider a sentence previously imposed before it becomes final. *People v. Fuqua,* 764 P.2d 56, 60 (Colo. 1988). The district court's review of a Crim. P. 35(b) motion focuses on the fairness of the sentence in light of the purposes of the sentencing laws. *Ghrist v.*

3

*People*, 897 P.2d 809, 812 (Colo. 1995). Any decision whether to grant a motion for sentence reconsideration under Crim. P. 35(b) is committed to the sound discretion of the district court. *See People v. Dunlap*, 36 P.3d 778, 782 (Colo. 2001) ("Crim. P. 35(b) affords trial judges a large amount of discretion when considering [a] defendant's motion."); *Ghrist*, 897 P.2d at 814.

¶ 8     In ruling on a Crim. P. 35(b) motion, the district court should consider all relevant and material factors, including new evidence as well as facts known at the time the court pronounced the original sentence. *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992). A district court abuses its discretion in denying a Crim. P. 35(b) motion only if it refuses to consider any information in mitigation and fails to make findings in support of its decision. *See Mikkleson v. People*, 618 P.2d 1101, 1102 (Colo. 1980); *People v. Olivas*, 911 P.2d 675, 677 (Colo. App. 1995).

III.     The Postconviction Court Did Not Abuse Its Discretion

¶ 9     Here, the postconviction court's oral and written order indicate that it reviewed all the information Contreras submitted, including

4

Contreras's "evidence of admirable progress while incarcerated"[1] and Contreras's significant familial support. Despite that information, however, the postconviction court concluded that, considering the purposes of sentencing and all the evidence "on the other side of the ledger," Contreras's original sentence was fair and appropriate and need not be disturbed. We discern no abuse of discretion in that ruling.

¶ 10    As the postconviction court noted during the hearing, the sentence Contreras sought to reduce is just below the midpoint of the applicable sentencing range of eight to twenty-four years to life in prison. § 18-1.3-401(1)(a)(V)(A), C.R.S. 2025 (presumptive sentencing range for class 3 felony is four to twelve years in prison); § 18-1.3-406(1)(a), (1)(d), (2)(b)(I), C.R.S. 2025 (a sex offense constituting a crime of violence shall be punished by an indeterminate sentence of at least the midpoint of, but not more than twice the maximum of, the presumptive range up to a maximum of the person's natural life). Further, the postconviction

---

[1] Contreras argues that several documents filed with his motion concerning his progress while incarcerated "did not appear to be considered by the judge." The postconviction court specifically discussed most of these items at the hearing.

court extensively discussed the information provided in connection with Contreras's motion, including his accomplishments while incarcerated and the support he receives from his family, and analyzed the fairness of the sentence in light of the goals of sentencing.

¶ 11   Contreras argues the postconviction court "simply adopt[ed]" the sentencing judge's decision on a "personal whim" and "exercised no independent discretion" in rendering its ruling.  The record belies Contreras's argument.  The postconviction court's mere reference to the propriety of the sentencing judge's decision does not demonstrate, given its thorough review of all relevant and material factors during the hearing, that it failed to exercise independent discretion when deciding to uphold the original sentence and deny Contreras's motion.

¶ 12   Because the order adequately demonstrates that the postconviction court considered the information presented in the motion and determined that a sentence reduction was not appropriate, we perceive no abuse of discretion in the denial of the motion.  *See Dunlap*, 36 P.3d at 782; *Olivas*, 911 P.2d at 677 (affirming the denial of a Crim. P. 35(b) motion where the trial court

noted the matters it considered before denying the defendant's motion and provided a detailed reason for the denial).

## IV. Disposition

¶ 13 The order is affirmed.

JUDGE DUNN and JUDGE MOULTRIE concur.