23CA1790 Peo v Wortman 05-07-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1790
Weld County District Court No. 19CR539
Honorable Allison J. Esser, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jeremy Edward Wortman,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

---

Philip J. Weiser, Attorney General, Joshua J. Luna, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Emeson & Zale, LLC, Brian S. Emeson, Boulder, Colorado for Defendant-Appellant

¶ 1     Defendant, Jeremy Edward Wortman, appeals the district court's order denying his Crim. P. 35(b) motion following an evidentiary hearing.  We affirm.

## I.     Background

¶ 2     Wortman was charged with first degree kidnapping, second degree kidnapping, third degree assault, and obstruction of telephone or telegraph service.  The charges stemmed from allegations that Wortman and the victim (his ex-girlfriend) met in a parking lot to discuss custody issues concerning their daughter.  The victim got into Wortman's car to talk.  When they began to argue, however, Wortman drove off.  He drove erratically, crashing the car at one point, and refused to let the victim out of the car or allow her to call 911.  When the victim tried to escape the car, Wortman grabbed her, causing pain and injury.  Eventually, law enforcement officers stopped the car and Wortman was arrested.

¶ 3     Pursuant to a plea agreement, Wortman pleaded guilty to attempted first degree kidnapping.  The remaining counts were dismissed.  The parties stipulated to a prison sentence of between eight and eighteen years.  The district court imposed an eighteen-year sentence.  Wortman didn't directly appeal his sentence.

¶ 4     Thereafter, Wortman filed a pro se motion under Crim. P. 35(c), asserting that (1) plea counsel had provided him with ineffective assistance by failing to file a motion under Crim. P. 35(b) despite promising to do so, and (2) his sentence was grossly disproportionate.  The district court appointed counsel, who later supplemented Wortman's ineffective assistance claim and included additional information pertinent to the Crim. P. 35(b) motion.  At a status conference, the prosecution confessed Wortman's ineffective assistance of counsel claim, and the court agreed to allow Wortman to pursue his untimely Crim. P. 35(b) motion.

¶ 5     Wortman asked the district court to reconsider his sentence based on his (1) expressed remorse for his actions; (2) progression from maximum security to minimum security incarceration and his lack of disciplinary reports while in the custody of the Department of Corrections (DOC); (3) successful completion of multiple DOC classes, programs, and treatment; (4) successful completion of educational courses through Pueblo Community College and Adams State University; and (5) strong family support.  In a written response, the prosecution opposed any reduction in Wortman's sentence, noting the seriousness of the offense, Wortman's prior

criminal history, and the victim and her family's strong support of the original sentence.

¶ 6     The district court set the matter for a hearing. At the hearing, the court heard testimony from the victim, the victim's family, Wortman, and Wortman's family. At the conclusion of the hearing, the court declined to reduce Wortman's sentence. The court remarked that it was "impressed" with all the classes Wortman had taken and was convinced that his work spoke "very highly" of his "character" and would set him up for "success" upon his release. However, the court acknowledged the "seriousness of the offense" and the "extremely aggravated nature of the case." And the court observed that the sentence, while punitive, also recognized that Wortman was "not beyond rehabilitation" because the sentence allowed for his "ultimate release into the community." (Wortman had faced a potential sentence of life in prison.) The court also observed that although Wortman was remorseful, his remorse "reflect[ed] primarily a concern about [him]self and [his] family" and not the victim. Further, the court noted that the classes Wortman had taken "appear[ed] to be [about] improving [him]self and [his] situation," but didn't seem to have "that same focus on victim

impact" and "understanding the impact on others in making sure that this type of behavior d[id not] happen again." Ultimately, the court concluded that a reduction in Wortman's sentence wasn't warranted but noted that its decision didn't "diminish the amount of work or the quality of work that [Wortman had] done."

## II.  Discussion

¶ 7    Wortman contends that the district court abused its discretion by denying his Crim. P. 35(b) motion because the court (1) relied on an erroneous factual finding that he hadn't expressed remorse for the victim and (2) concluded that Wortman's performance and rehabilitation in prison was insufficient to warrant a sentence reduction.  We don't see any abuse of discretion.

### A.  Standard of Review

¶ 8    We review the denial of a Crim. P. 35(b) motion for an abuse of discretion.  *People v. Chavez*, 2020 COA 80M, ¶ 8.  A district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or "based on an erroneous view of the law." *Hoang v. People*, 2014 CO 27, ¶ 12.

## B.    Analysis

¶ 9    Crim. P. 35(b) permits a district court to review a sentence to ensure that it is proper before making it final.  *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001).  "Any decision to reduce a sentence based on a Crim. P. 35(b) motion remains within the sound discretion of the trial court."  *Id.*

¶ 10    In exercising its discretion, a district court must "consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was pronounced."  *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992).  The district court isn't required to make findings of fact when ruling on a motion for reduction of a sentence but should "provide a statement of the basic reasons in support of its ruling."  *People v. Olivas*, 911 P.2d 675, 677 (Colo. App. 1995).  "Only if the trial court has refused to consider *any* information in mitigation and fails to make findings in support of its decision is there a failure by the trial court to exercise its judicial discretion."  *Busch*, 835 P.2d at 583.

¶ 11    Wortman first contends that the district court abused its discretion by denying his motion based on a purportedly erroneous factual finding that he expressed no remorse for the harm he had

caused the victim.  Specifically, he asserts that the court erroneously found that he had not expressed concern for the victim because the court said, "[b]ut I didn't hear anything about [the victim]," which he argues suggested that he appeared more concerned with the impact his sentence had on him and his family. But the court made this statement after already acknowledging that Wortman had "apologized multiple times."  Nevertheless, it was the court's perception that his words reflected "primarily" a concern about himself and his family.  The hearing transcript supports this finding.  Wortman apologized twice to the victim but also said the following:

- "This [hearing] has brought some hope to me and my family during a very depressing time in our lives."

- "I can't express enough how sorry I am to [the victim] and everyone else affected, including the community."

- "Of course, this time has been extremely difficult on me.  But what makes it worse is that I'm not the only one suffering.  It breaks my heart knowing how hard this has been on my loved ones.  And to hear my mother crying completely crushes me, because I know how badly that she wants me home."

- "It's not only emotionally difficult, but this prison time has been a huge financial burden on my family, as well."

- "And year after year, my poor mother continues to help pay for my food, hygiene, clothing, [and] phone time. I feel terrible not being able to provide for myself as a grown adult."

- "Again, I want to apologize to . . . the victim, her family, my family, and anyone else that was affected that night."

¶ 12 Thus, contrary to Wortman's characterization of the district court's findings, the record reflects that it considered and weighed the evidence before it. And its determination is supported by the record.

¶ 13 We next reject Wortman's second contention — that the district court abused its discretion by not reducing his sentence based on his performance and rehabilitation in prison.

¶ 14 To begin, we disagree with the People's assertion that this portion of the appeal should be dismissed because it concerns only the propriety of the sentence imposed. *See Olivas*, 911 P.2d at 677 ("There is no right to appeal the trial court's denial of a motion for reduction of sentence pursuant to Crim. P. 35(b) when the only issue presented to and resolved by the court is the propriety of the

sentence itself."). Rather, we conclude that this claim challenges the propriety of the court's Crim. P. 35(b) ruling and is properly before us. *See id.*

¶ 15    Wortman contends that his performance in prison warranted a reduction in his sentence. In support, he recounts the numerous courses, programs, classes, and therapy he has completed as well as his exemplary disciplinary record. But the district court expressly acknowledged that it had considered Wortman's progress in prison and commended him for it. Nevertheless, the court found this information unpersuasive when weighed against other factors: (1) the serious nature of the offense; (2) that the current sentence provided a "punitive sanction" but also accounted for Wortman's "ultimate release into the community"; and (3) the remorse Wortman expressed was "primarily" directed toward himself and his family and not toward the victim. This wasn't an abuse of discretion. *See id.* (no abuse of discretion if the district court "noted the matters it considered" and "provide[d] a statement of the basic reasons in support of its ruling"); *see also Dunlap*, 36 P.3d at 782 ("Crim. P. 35(b) affords trial judges a large amount of discretion when considering the defendant's motion.").

¶ 16    Because the district court's order reflects sufficient consideration of the mitigating evidence provided by Wortman and states the basic reasons for denying the motion, we perceive no abuse of discretion.

## III.    Disposition

¶ 17    The order is affirmed.

JUDGE FOX and JUDGE DUNN concur.